ALLEN E. GOBLE ET AL., APPELLEES, V. THOMAS SWOBE, TRUSTEE, ET AL., APPELLANTS.

FILED MAY 21, 1902.    No. 11,838.

Commissioner's opinion, Department No. 3.

1. Trustee: TERMS OF TRUST: BENEFICIAL INTEREST: RIGHT OF ACTION. Where a trustee refuses to carry out the terms of a trust, the party or parties beneficially interested may maintain an action in their own right to enforce the trust, and to obtain the benefit thereof.

2. Misjoinder: WAIVER. A misjoinder apparent on the face of the petition, is waived if not objected to before the trial.

3. Objection: DEMAND FOR JURY. An objection "that the court is without jurisdiction to hear a cause on the equity side of the court," is not a sufficient demand for a jury, even though the action be one at law.

4. Evidence. Evidence examined and *held* to support the judgment.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Hall & McCulloch,* for appellants.

*Charles S. Lobingier, Herbert S. Crane, L. D. Holmes* and *J. J. Boucher, contra.*

DUFFIE, C.

Milton H. Goble, the father of Allen E. and Gertrude Goble, had an interest in Bowling Green, an addition to the city of Omaha. The record discloses that he was a man of dissipated habits, and on the 18th of March, 1889,

in order to provide for his children, his friends procured him to execute and deliver the following writing:

*"To W. L. Adams, Treasurer, and A. P. Woods, Trustee:*

"GENTLEMEN: I have this day assigned to Thomas Swobe $10,000. Ten Thousand Dollars of the monies coming to me out of my interest in Bowling Green, to be used by him for the benefit of my two children. You will therefore pay said sum out of any proceeds coming to me since the date of the last dividend, to Thomas Swobe taking his receipt for the same as such trustee. He alone, has authority to draw and receipt for it. Omaha, March 18, 1889.                              MILTON H. GOBLE.

"Accepted March 18th, 1889.

"WM. L. ADAMS, *Treasurer,*

"ARTHUR P. WOOD, *Trustee."*

Allen E. and Gertrude Goble are the children referred to in said writing, and their petition contains the following allegations: "The said Thomas Swobe, as trustee, accepted the said trusteeship conferred upon him by said assignment, and assumed and agreed to perform the duties of trustee, for the purposes expressed in said assignment, and in pursuance thereof collected and received from the said Adams and Wood a large sum of money, to-wit, the sum of $480.00; subsequent to the making of said order on the 18th of March, 1889, to-wit: on December 23, 1889, and the said Swobe failed, neglected and refused to apply the said sum to the use and benefit of the plaintiffs, and wrongfully converted it to his own use." It is further alleged in the petition that $9,180 only has been paid to the guardians of the plaintiffs for their use and benefit and there still remains due to them the sum of $820, together with interest from the 23d of December, 1889. The district court entered judgment against Swobe for $808.16, with interest from the first day of the May term, and against Arthur P. Wood for the sum of $572.38, with interest from the first day of the term.

The appellants insist that the record does not support the judgment for the following reasons: "(1.) There is

no proof that any money due to the plaintiffs in this case has been withheld from them. (2.) If the order in this case is proved, then the only person having a right to control the money is Thomas Swobe, and Wood would be under no obligation to pay it to anyone else. (3.) There is no right to join Wood and Swobe in this action. (4.) There is no jurisdiction in this case on the equity side of the court."

The evidence is clear that Swobe accepted the trust, and received and paid over a large amount of the trust fund. It is undisputed that the children have now attained their majority, and, this being so, they may maintain an action in their own right and name. We think that the law is plain that where a trustee refuses to carry out the terms of the trust, the party or parties beneficially interested may maintain an action in their own right to enforce the trust and to obtain the benefit thereof. It is quite plain from the record before us that after Wood formally assumed the obligation conferred upon him by the writing above set out, by accepting the same, he received as Goble's share of the proceeds of sales of Bowling Green the sum of $13,743.33, and of this sum he paid to Swobe $9,660 only. This would still leave in his hands $340 of the trust fund. Swobe paid to the children, or for their benefit, the sum of $9,180 of the amount paid over to him, leaving $480 still in his hands. These sums, with interest thereon, ought to be accounted for by the parties, and unless the district court committed some error in the trial of the case the judgment should be affirmed. When the plaintiffs below called their first witness, objection was made to the introduction of any evidence for the reason "that there is no jurisdiction in equity to try this case, and that the court is without jurisdiction to hear the same on the equity side of the court." The petition filed by the plaintiffs does not designate the action as one at law or in equity, and it states in a plain and concise manner the facts upon which they asked judgment against the defendants. If this is an action at law, the defendants

were entitled to a jury trial, unless their right thereto was waived. If the court regarded the case as one in equity and was proceeding to try it as such, the defendants should have moved to have it transferred to the law docket, and tried as a law action. We do not think that the objection that the court had no jurisdiction to try the case as one in equity sufficiently raised the question of their right to a jury trial. The district courts of this state, by express provisions of the statute, have jurisdiction of both law and equity actions. That a law action may have found its way to the equity side of the docket does not defeat the jurisdiction of the court to try the case, and if either party to the action desires it tried as a law action a specific request to that effect should be made upon the court. The general rule appears to be that a party waives his right to the trial of a case as a law action by a failure to move for its transfer to the law docket, when through mistake or otherwise, it has been placed upon the equity docket of the court. *Walcott v. O'Connor,* 163 Mass., 21; *Davis v. Snyder,* 45 Nebr., 415. It might also be observed that the defendants below have brought the case to this court by appeal instead of by petition in error, and that they have thus recognized the case as one in equity and can not now be heard to complain that it was not tried as a law action. It is probable that Swobe and Wood could not, against objection made, have been joined as party defendants in the action. Wood, by accepting the order made by Milton Goble, agreed to turn over $10,000 of Goble's share of the proceeds of the sales of lots in Bowling Green to Swobe, while Swobe, by accepting the trust, became bound to account for all moneys paid him on that account to the *cestuis que trust.* If they were not properly joined in this action, the defect appeared on the face of the petition, and should have been raised by demurrer. As no objection to the misjoinder was made to the trial court, it has been waived and can not be urged as reversible error. *Snowden v. Tyler,* 21 Nebr., 199. We think the evidence ample to support the

judgment. Both Swobe and Wood in conversation had with one of plaintiff's witnesses, recognized their liability for the amount sued for, and promised to settle it as soon as another action which involved Goble's interest in the Bowling Green addition had been determined.

Finally it has been suggested that no present vested interest in this fund was conveyed to Allen and Gertrude Goble by the writing of March 18, 1889. We do not think that this contention can be sustained. In *Eaton v. Cook*, 25 N. J. Eq., 55, it is said: "It is not necessary to a trust that there should be any transfer of property, whether the fund be in the possession of the donor or of another; the property may still remain as it was, and the donor may constitute himself as the possessor, trustee of it. If a person, by a written instrument, or by word, directs his debtor to hold the money due, in trust for a third person, and such direction is communicated to the debtor, an effectual trust in favor of the donee is created, especially where, as in this case, the debtor has acted on the direction and consented to the arrangement."

Some technical questions are raised as to the sufficiency of the answer filed by the defendants in this case. As the case has been correctly determined on its merits, we do not care to go into a discussion of technical matters of practice. Some authorities have been cited to show that an unverified answer does not present any issue for the trial court, especially where the defendants have not offered evidence in support of the allegations of such answer. This rule may be technically correct, but, as the plaintiffs filed a reply to the answer filed in this case, we do not think that they stand in a position to take advantage of such technicality. Believing that the case was correctly determined on its merits, we recommend that the judgment of the district court be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.