IN RE COMMERCIAL STATE BANK.

COMMERCIAL STATE BANK ET AL., APPELLANTS, v. S. K. WARRICK ET AL., APPELLEES.

FILED NOVEMBER 10, 1920. No. 21411.

1. **Banks and Banking:** REFUSAL OF CHARTER. Where it appears that the state banking board has acted within its jurisdiction, and that all the jurisdictional facts essential to uphold its final order are sustained by some evidence competent for that board to consider, its order will be upheld in error proceeding to the district court and on appeal to this court.

2. ———: CONSTRUCTION OF STATUTE. The banking board was created by statute and is purely in the nature of an administrative body, and in a proceeding before it the statute must be strictly construed.

3. ———: REFUSAL OF CHARTER: REVIEW. Where it is clear that there has been no abuse of discretion, this court will not substitute its judgment for the findings made by the state banking board.

In re Commercial State Bank.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE.  *Affirmed.*

*W. T. Thompson, Burkett, Wilson, Brown & Wilson* and *Dexter T. Barrett,* for appellants.

*Max V. Beghtol* and *Hainer, Craft & Lane, contra.*

ALDRICH, J.

This case originated before the state banking board.

On May 6, 1919, the stockholders of appellant bank filed with the banking board an application in the usual form for a charter to do a commercial banking business at Scottsbluff.  Several parties filed protests against the issuance of a charter, which protests were in the main directed against the integrity and responsibility of the applicants for a charter.  A hearing was had before the banking board and a final order was issued by that body denying the application.  The case went to the district court on a petition in error, where the decision of the banking board was affirmed, and to review such judgment this appeal is prosecuted.

There is evidence in the record tending to show that the integrity and responsibility of some of the stockholders of the proposed bank was questionable, and also that the applicants on or about March 22, 1919, made application to the state banking board to obtain a charter for the State Bank of Commerce of Scottsbluff.  There are affidavits in the record to the effect that protests were filed against the issuance of a charter; that the promoter and one of the stockholders of the bank in question in the instant case were to receive a commission or bonus in violation of statute; and that some of the parties were guilty of gross misrepresentation by making statements as to advantageous connections with the Merchants National Bank of Omaha.  The record shows that none of these stockholders had any such connection with the Omaha bank.  Also several witnesses testify unfavorably to the financial ability of several of the applicants.

We are satisfied from a review of the record that there was no abuse by the banking board of its discretionary powers in refusing to grant a charter to these applicants. There is sufficient competent evidence in the record on which to base such a finding.

Where it appears that the state banking board has acted within its jurisdiction, and that all the jurisdictional facts essential to uphold its final order are sustained by some evidence competent for that board to consider, its order will be upheld in error proceedings to the district court and on appeal to this court. This principle is enunciated in the case of *Mathews v. Hedlund,* 82 Neb. 825.

Upon this proposition *Munk v. Frink,* 81 Neb. 631, is in point: "In such a case, when the state board of health has so proceeded and taken testimony, and given the respondent full opportunity to appear in person or by counsel to cross-examine the witnesses against him, and to introduce testimony in his own behalf, and has passed upon the sufficiency of the evidence so taken, the findings of the board as to the sufficiency of the evidence to sustain the charges will be upheld, unless it appears that there is no evidence to sustain such findings."

It seems that the banking board employed one Van Riper, a bank examiner, to make investigations in the matter of this application for a charter. Van Riper made a report to the board, which report is in the bill of exceptions. Counsel for applicants requested permission of the banking board to examine this report, but were refused. In fairness to the applicants we have not considered this report in arriving at a decision in this case, because they had no opportunity to rebut it or to cross-examine Van Riper. The board, as shown by the record, based its findings and final order partly on this bank examiner's report, but it also appears that there is other independent competent evidence upon which to base the findings made.

The banking board was created by statute and is purely in the nature of an administrative body, and in such a

procedure the statute must be strictly followed. Where it is clear that there has been no abuse of discretion, this court will not substitute its judgment for the findings made by that body.

The judgment is

AFFIRMED.

MORRISSEY, C. J., not sitting.