GEORGE B. LYNCH, APPELLEE, v. CITY OF OMAHA ET AL., APPELLANTS.
No. 32739.

LEON D. ANDERSEN, APPELLEE, v. CITY OF OMAHA ET AL., APPELLANTS.
No. 32740.
43 N. W. 2d 589

Filed July 24, 1950.

G. H. Seig, for appellants.

Eugene D. O'Sullivan, Arthur J. Whalen, Eugene D. O'Sullivan, Jr., Warren C. Schrempp, and Ernest S. Priesman, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Appellees, police officers of the city of Omaha, were each formally charged with neglect of duty, conduct unbecoming an officer, not being fit to perform the duties of an officer, and selling intoxicating liquor without a license and while on duty. They were each at all times here involved represented by counsel of their own choosing. Herein they will be generally designated as plaintiffs, the City of Omaha, et al., as defendants, and Adolph W. Larsen as the taxpayer.

Pursuant to Omaha city ordinances, a hearing was had on such charges before the chief of police, who thereafter entered his findings and orders respectively find-

ing plaintiffs guilty as charged, and ordering them suspended and dismissed from the service.

Therefrom they appealed to the Omaha police civil service commission, where, after a hearing, the findings and orders of the chief of police were affirmed and sustained.

They then appealed to the city council, where, after hearing upon a transcript of the evidence adduced by the parties before the chief of police and the police civil service commission, the findings and orders of the chief of police and the police civil service commission were again affirmed and sustained.

Therefrom they prosecuted error to the district court, attaching a transcript of all the evidence theretofore taken as a settled bill of exceptions. After a hearing, the trial court entered an order finding that there was error in the record, and retaining the causes for hearing upon the merits. Later, the cases were so heard, whereat the only evidence adduced was that contained in the transcript thereof heretofore described. Thereafter the trial court entered orders and judgments, finding and adjudging in effect that the findings and orders of the chief of police, the police civil service commission, and the city council, were, as a matter of law, not sustained by the evidence; that the suspension and dismissal of the officers was null and void; and ordering them reinstated to their former positions. Thereafter, the city of Omaha refused and neglected to further defend the action. Thereupon, Adolph W. Larsen, a resident taxpayer, as provided in section 14-810, R. S. 1943, a part of Omaha's home rule charter, timely filed motions for new trial.

Plaintiffs then filed motions respectively to strike such motions for new trial, which the trial court sustained for the reason, insofar as important here, that the resident taxpayer's attempted intervention was contrary to law and not within the purview of section 14-810, R. S. 1943. The taxpayer's timely motions filed there-

after, to set aside and vacate such orders striking his motions for new trial, were likewise stricken for the same reason, and he appealed to this court.

The two cases were separately appealed to this court, and separate transcripts were filed. However, it was stipulated by the parties that because the issues in each case were identical and arose out of the same facts, the separate appeals should be consolidated with but one bill of exceptions and one set of briefs applicable to both cases. Thus they will both be disposed of in this opinion.

The taxpayer's assignments of error were substantially that the trial court erred: (1) In assuming jurisdiction when neither the police civil service commission nor its members were made parties to the error proceedings; (2) that the trial court erred in holding that the findings and orders of the chief of police, the police civil service commission, and the city council, were not sustained by the evidence; and (3) erred in striking the motions for new trial. We conclude that the first assignment has no merit, but that the second and third should be sustained.

The first assignment was not supported by any cited applicable authority, and we have found none. The police civil service commission and its members were doubtless proper, but in no sense indispensable parties. In such a situation the general rule is that a defect of parties is waived unless appropriate objection thereto is made before the cause is finally submitted upon the merits. Bianki v. Greater American Exposition, 3 Neb. (Unoff.) 656, 92 N. W. 615; Goble v. Swobe, 64 Neb. 838, 90 N. W. 919; Edney v. Baum, 70 Neb. 159, 97 N. W. 252. The defendants made no such objections, and thus waived the defect, if any. We thus conclude that the trial court did not erroneously assume jurisdiction of the proceedings in error.

In error proceedings taken from findings and orders of an administrative agency or body acting in a quasi-

judicial capacity, as in the case at bar, only two questions are ordinarily presented for decision. The general rule is that if it appears in such cases that such agency or body has acted within its jurisdiction and that all of the jurisdictional facts essential to uphold its findings and orders are sustained by some competent evidence, such findings and orders will be upheld in error proceedings to the district court and on appeal to this court. Munk v. Frink, 81 Neb. 631, 116 N. W. 525; Matthews v. Hedlund, 82 Neb. 825, 119 N. W. 17; In re Commercial State Bank, 105 Neb. 248, 179 N. W. 1021. The case at bar comes squarely within the rule. Competent evidence appearing in the record before us was amply sufficient to sustain the findings and orders of the chief of police, the police civil service commission, and the city council who respectively acted within their jurisdiction. To repeat such evidence here would serve no purpose.

It is sufficient to say that we find no error in the proceedings before such bodies. Consequently, the petitions in error filed in the district court were without merit and the trial court should have so held. Therefore, the judgments entered therein must be reversed and the causes remanded with directions if Adolph W. Larsen, the resident taxpayer, had authority to defend the city under section 14-810, R. S. 1943, which provided: "If the city shall refuse or neglect to defend any suit at law or in equity brought against it, any resident taxpayer may defend said suit on its behalf at the cost of the city, not including 'attorney's fees.' "

In that connection we conclude that the taxpayer here involved did have such authority. The city was in fact a defendant in a suit at law brought against it when error proceedings were filed in the district court, although theretofore the proceedings had been only administrative in character.

In the district court proceedings brought against it, the city did have rights which it should have continued to defend. When the city failed and refused to do so,

any resident taxpayer had a right to defend the suit on its behalf. In that situation, the taxpayer stood in the shoes of the city and was in fact and in law the city itself. Thus he had a right to and did lawfully attempt to defend it and every other resident taxpayer's rights.

The purpose of section 14-810, R. S. 1943, was to make sure that the rights of the city and its resident taxpayers would be protected as required by law, when city officials, as here, refused or neglected to do so. Any other conclusion would make the provision of no force or effect. We therefore conclude that appellant as a resident taxpayer had full power and authority to act as he did. Intervention in the technical sense had no application with relation to the city's rights, which he as a taxpayer had the statutory right to defend on its behalf. The fact that others may have urged him to take the action which he took or may have agreed to pay the attorney's fees incurred thereby is not in any manner controlling. To hold otherwise would judicially impose legislative qualifications and restrictions upon a clear and unambiguous statute, which this court has no right or authority to do.

Therefore, we conclude that the striking of the taxpayer's motions for new trial was not only erroneous but also was the equivalent of overruling his motions for new trial and finally but erroneously disposing of the cases upon the merits.

For the reasons heretofore stated the judgments entered by the district court should be and hereby are reversed and the causes are remanded with directions to dismiss the petitions in error.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER and BOSLAUGH, JJ., concur in the result.