153 N.W.2d 743 (1967)
182 Neb. 164
The FIRST NATIONAL BANK & TRUST COMPANY OF BEATRICE, Appellant,
v.
Henry E. LEY, Byron Dunn, Department of Banking, State of Nebraska and Beatrice State Bank, Appellees.
No. 36565.
Supreme Court of Nebraska.
October 27, 1967.
*744 Nelson, Harding, Acklie, Leonard & Tate, Lincoln, Luebs, Tracy & Huebner, Vincent L. Dowding, Grand Island, for appellant.
*745 Clarence A. H. Meyer, Atty. Gen., Richard H. Williams, Asst. Atty. Gen., Woods, Aitken & Aitken, Bert L. Overcash, Allen L. Overcash, Lincoln, for appellees.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH and NEWTON, JJ.
BOSLAUGH, Justice.
This is a proceeding in error to review an order of the Department of Banking of the State of Nebraska granting a charter to the Beatrice State Bank of Beatrice, Nebraska. The trial court found that the action should be dismissed and affirmed the order of the Department of Banking. The First National Bank & Trust Company of Beatrice, the plaintiff in error, has appealed.
The Banking Act provides that it shall be unlawful to conduct a bank within this state except by means of a corporation organized for such purpose. Section 8-114, R.S.Supp., 1965. It further provides that every corporation organized for and desiring to transact a banking business shall, before commencing business, transmit a statement to the Department of Banking containing a certified copy of the articles of incorporation. Section 8-120, R.S.Supp., 1965.
The record in this case shows that a preliminary statement of application was filed with the Department of Banking on January 15, 1965, but that the articles of incorporation of the proposed bank were not filed in the office of the Secretary of State until March 22, 1966. The appellant contends that the entire proceeding before the Department of Banking is void because the application was filed by a corporation that had not been completely organized at the time the application was filed.
Section 8-122, R.S.Supp., 1965, prescribes certain requirements that must be satisfied before the Department of Banking may grant a charter. One requirement is that the department, upon investigation, shall be satisfied that the "parties requesting such charter are parties of integrity and responsibility". This language indicates that the application for a bank charter may be made by individuals.
We think that the requirements of the statute are satisfied if the corporation has been fully organized at the time the charter is issued. In this case the order granting the charter was conditional, and the charter has not been issued. We find no merit in the first contention of the appellant.
The appellant makes several objections to the form of the order of the Department of Banking. The appellant complains that the order is defective in that the issuance of the charter and the certificate described in section 8-121, R.S.Supp., 1965, is not made conditional upon compliance with certain further statutory requirements that have not been satisfied. The particular requirements consist of a statement under oath that no compensation was paid for the sale of the stock, Federal Deposit Insurance Corporation membership, payment in of the capital stock, and minimum surplus and paid-in undivided profit requirements. The appellees concede that these particular requirements have not been complied with, but take the position that they are procedural in nature and may be satisfied after the department has decided that a charter will be granted.
The problem here is one of interpretation of the order of the Department of Banking. If the order is considered to be a determination that all statutory requirements have been satisfied except those requirements set out in the order, then the appellant's contention is correct and the order is defective. But, if the order is considered to be a determination of only those matters which rest in the discretion of the department, then the appellant's contention cannot be sustained.
From a consideration of the entire record, we are of the opinion that the Department *746 of Banking intended its order to be determinative only of those matters which are discretionary in nature, and that the charter and the certificate referred to in section 8-121, R.S.Supp., 1965, will not be issued until all statutory requirements have been satisfied.
The appellants further complain that the findings of fact, which are in the language of the statute, are not sufficient. We have held that such findings of fact are not sufficient in rate cases. See Yellow Cab Co. v. Nebraska State Railway Commission, 176 Neb. 711, 127 N.W.2d 211. But in this type of case, such findings are adequate. See Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N.W.2d 752.
The appellant's final contention is that the order of the Department of Banking constituted an abuse of administrative discretion. The appellant's contention is that the evidence is not sufficient to support the finding of the Department of Banking "that the parties requesting such charter are parties of integrity and responsibility, and that the public necessity, convenience, and advantage will be promoted by permitting such proposed bank to engage in business."
The evidence in this case fully sustains the finding of the Department of Banking that the parties requesting the charter are parties of integrity and responsibility. The evidence with respect to public necessity, convenience, and advantage is not as clear.
Beatrice, Nebraska, now has two active, well-managed banks. The need for additional banking facilities is, at best, marginal. The situation is further complicated by the fact that the new bank will be controlled by the same persons who control the largest bank now operating in Beatrice.
We are not here concerned with the policy or wisdom of the order of the Department of Banking. The question of public convenience and necessity is a matter that is committed to the discretion of the department. Although the evidence might be characterized as weak or doubtful, it cannot be said that there is no evidence to sustain the finding of the department as to public convenience and necessity.
Where it appears in an error proceeding that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order of the administrative agency will be affirmed. Lynch v. City of Omaha, ex rel. Larsen, 153 Neb. 147, 43 N.W.2d 589; In re Commercial State Bank of Scottsbluff, 105 Neb. 248, 179 N.W. 1021.
As we view the record, there is some evidence to sustain the findings of the Department of Banking in this case, and the order must be affirmed.
The judgment of the district court is correct and it is affirmed.
Affirmed.