247 N.W.2d 447 (1976)
197 Neb. 175
Frank BEMIS, Douglas County Assessor, Appellant,
v.
BOARD OF EQUALIZATION OF DOUGLAS COUNTY, Nebraska, Appellee.
No. 40711.
Supreme Court of Nebraska.
December 8, 1976.
*448 Donald L. Knowles, County Atty., William T. Ginsburg, Deputy County Atty., John J. Powers, Omaha, for appellant.
Steven J. Riekes, Harold M. Zabin, Michael J. Rubach, of Beber, Richards, Riekes & Brown, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON and BRODKEY, JJ.
SPENCER, Justice.
Frank Bemis, the Douglas County assessor, appeals from an order of the District Court for Douglas County sustaining a demurrer to his appeal from a tax exemption determination by the Douglas County Board of Equalization.
The sole issue presented is: Does the assessor have the legal capacity to maintain an appeal to the District Court from a tax exemption determination by the county board of equalization? We hold he does not, and affirm the judgment of the District Court.
The Douglas County assessor's office increased the valuation of the furniture, fixtures, machinery, tools, equipment, and supplies of United Parcel Service, located in Douglas County, from $30,815 to $236,735. United Parcel Service applied for a tax exemption. The Douglas County Board of Equalization granted the request and reduced the personal property valuation to $30,815, the original figure. Bemis appealed from this determination to the District Court for Douglas County. The District Court sustained a demurrer on the theory the assessor lacked legal capacity to maintain the action.
The statutory scheme of sections 77-202.-01 through 77-202.07, R.R.S.1943, which govern the procedure herein, may be summarized as follows: A person, corporation, or organization seeking a tax exemption applies to the county assessor. The county assessor makes a recommendation to the county board of equalization. The county board of equalization determines whether tax exemption will be granted. If the exemption is denied, the aggrieved taxpayer may appeal de novo to the District Court. The State Tax Commissioner may intervene in the appeal. The Tax Commissioner is also given the authority to review and reverse any decision of the county board of equalization which grants tax exemption.
Bemis contends the county assessor is a litigating party at a tax exemption hearing where he has recommended taxable status. The statutory language does not support this contention. Section 77-202.01, R.R.S. 1943, provides in part: "The county assessor shall examine the application and recommend either taxable or exempt status * * *." Under section 77-202.02, R.R.S. 1943, the county board of equalization "after a hearing on ten days' notice to the applicant, and after considering the recommendation of the county assessor and other information it may obtain, shall grant or withhold tax exemption * * *." It appears the county assessor's responsibility is limited to an advisory rather than an adversary capacity.
*449 Plaintiff's principal argument is premised upon sections 77-1510, 77-1511, and 77-1513, R.R.S.1943. The last sentence of section 77-1510 commences: "The county may cross appeal, without giving bond, * *." Section 77-1511 sets out District Court procedure on appeal from a board of equalization on assessments of property. Section 77-1513 covers appeals by any person from the assessment of his property, and also the appeal of any person from the assessment of the property of another as fixed by the county board of equalization. The last portion of section 77-1513 reads: "* * * where the appeal is not sustained, the costs shall be taxed to the appellant, unless the appellant shall be the county assessor or county clerk, in which case the costs shall be paid by the county."
The fallacy in the assessor's argument is that an appeal from a tax exemption determination can no longer be taken pursuant to the general provisions of sections 77-1510 and 77-1511, R.R.S.1943. It must be brought under section 77-202.04, R.R.S. 1943. The provisions of sections 77-202.01 through 77-202.07, R.R.S.1943, are clear and comprehensive. These provisions, adopted in 1963 as L.B. 386, constitute a complete and comprehensive act dealing with the matter of tax exemptions. They specifically provide who may appeal from the decision of the county board of equalization on a tax exemption determination. They further provide that the Tax Commissioner has the power to review and reverse the determination made by a county board of equalization. The remedy of the assessor if he feels aggrieved is not to prosecute an appeal but rather to call the ruling to the attention of the Tax Commissioner who may or may not act, depending upon his independent judgment. Whether this remedy may be adequate or otherwise is a legislative and not a judicial determination. If the county feels aggrieved, its remedy is in the Legislature.
We affirm the judgment of the District Court.
AFFIRMED.