AUGUST ROSS, APPELLANT, V. THE GOVERNORS OF THE KNIGHTS OF AK-SAR-BEN ET AL., APPELLEES.

260 N. W. 2d 202

Filed December 7, 1977. No. 41252.

Bruce G. Mason and August Ross, for appellant.

R. A. Skochdopole, C. E. Heaney, Jr., and Jon A. Elliott of Kennedy, Holland, DeLacy & Svoboda, Donald L. Knowles, and Rockford G. Meyer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

The Governors of the Knights of Ak-Sar-Ben and Ak-Sar-Ben Exposition applied for exemption from property tax. On the recommendation of the county assessor, the board of equalization of Douglas County granted the exemption. The appellant, a citizen and taxpayer of Douglas County, filed a petition in error in the District Court alleging that the commercial uses of the real estate for profit disallowed an exemption. We note here that there is no bill of exceptions. We have before us the transcript showing the proceedings had before the board of equalization of Douglas County consisting of the applications for exemption, the record of the roll calls, the recommendations of the assessor, and the action of the county board of equalization in granting the exemptions. The District Court dismissed the petition in error finding that the plaintiff below "is not within those who have been given a statutory right of appeal under Sections 77-202.04, 77-202.06 or 77-202.07 (R. R. S., 1943), and is not a person who has a direct interest in or was adversely affected by the acts of the Board of Equalization of Douglas County, Nebraska, and does not have a constitutional right to review by Petition in Error." We affirm the order

of dismissal for reasons that will hereafter be set out.

Section 25-1901, R. R. S. 1943, provides a judgment rendered, or final order made, by any tribunal, board, or officer exercising judicial functions, and inferior in jurisdiction to the District Court, may be reversed, vacated, or modified by the District Court. Prior to 1903, the sole method of review of the action of the board of equalization in the assessment of property was by petition in error. See Sioux City & Pacific R. R. v. Washington County, 3 Neb. 30. In that case the taxpayer railroad filed two separate actions, one purporting to appeal from the action of the board of equalization of Washington County, the second, a petition in error. The court held that in the absence of statutory authority for an appeal, none existed; the remedy was by way of petition in error. The court reversed the action of the board of equalization and voided the increased assessment for failure of the county board of equalization to give notice to the taxpayer of the proposed raise in valuation.

Chapter 77, article 1, section 124, of the Compiled Statutes of 1903, contained, in part, the identical language of the present section 77-1510, R. R. S. 1943: "Appeals may be taken from the action of the County Board of Equalization, to the district court within twenty days (now 45 days) after its adjournment, in the same manner as appeals are now taken from the action of the County Board in the allowance or disallowance of claims against the county."

In State ex rel. Mickey v. Drexel, 75 Neb. 751, 107 N. W. 110, the relator, a citizen and taxpayer of the state, applied to the court for a writ of mandamus to compel the respondent, the county clerk of Douglas County, "to insert in and extend upon the tax roll and list of Douglas County, Nebraska, for taxation the assessed value of the personal properties consisting of the reserve funds of the Sovereign Camp of

the Woodmen of the World, a fraternal-beneficiary association, commonly known as the 'Woodmen of the World.' " It was contended that the funds of the Woodmen of the World were exempt from taxation. The court held that: "There is no doubt of the right of one taxpayer to appeal from the assessment of another"; that the remedy of the relator was by appeal and not by mandamus since mandamus would not properly lie where there is adequate remedy by way of appeal; and that "* * * it is the duty of the county board of equalization to determine when property which has been omitted is taxable, and if it is found to be taxable to place it upon the rolls for that purpose, and to assess it as the assessor should have done. Any taxpayer, the amount of whose taxes may be affected by the action of the county board, may appeal from its decision as to the liability of the property of another to taxation, and upon such appeal the court must determine whether the property in question is liable to assessment." The court then found that there was a sufficient interest under the terms of the statute to permit an appeal by a taxpayer complaining about the exemption from taxation granted to another by the board of equalization.

However, this court held in Bemis v. Board of Equalization of Douglas County, 197 Neb. 175, 247 N. W. 2d 447, that the appeal provisions of sections 77-1510 and 77-1511, R. R. S. 1943, are no longer applicable to the appeal from the granting of exemptions from taxation by a county board of equalization, citing sections 77-202.01 through 77-202.07, R. R. S. 1943. The only person entitled to appeal from a decision of the county board of equalization on a tax exemption determination is the applicant for the exemption. However, the Tax Commissioner "has the power to review and reverse the determination made by a county board of equalization. The remedy of the assessor if he feels aggrieved is not to prosecute an ap-

peal but rather to call the ruling to the attention of the Tax Commissioner who may or may not act, depending upon his independent judgment." The passage of the special statute could and did remove the right of appeal in exemption cases from the citizen taxpayer.

The appellees urge that not only does the taxpayer not have standing to appeal but lacks standing to bring a petition in error from a determination of the county board of equalization granting a tax exemption to another. The appellees do not point out any part of sections 77-202.01 et seq., R. R. S. 1943, or any legislative history that buttresses this assertion but cite numerous cases not within the factual context now being considered. The appellant asserts the language previously quoted in State ex rel. Mickey v. Drexel, *supra*: "Any taxpayer, the amount of whose taxes may be affected by the action of the county board, may appeal from its decision as to the liability of the property of another to taxation," states an aggrieved interest that gives standing to the appellant to file a petition in error.

The purpose of the appeal provision was obviously to provide a more complete remedy. A petition in error is limited to review of the transcript and the evidence below, such as may be contained in a bill of exceptions. The District Court on appeal "shall hear appeals and cross appeals taken under section 77-1510 as in equity and without a jury, *and determine anew all questions raised before the county board of equalization* which relate to the liability of the property to assessment, or to the amount thereof." (Emphasis supplied.) § 77-1511, R. R. S. 1943. No question exists as to the right of the Legislature to disallow appeals by taxpayers in such cases but we are not convinced that it could or did remove the taxpayers' preexisting right to a petition in error. We hold that a resident taxpayer of a city and county where property is declared exempt by the county

board of equalization is a sufficiently aggrieved party to file a petition in error. We disagree with the conclusion of the trial court that petition in error was not available.

However, all that was before the District Court and is now before us is a transcript. The errors assigned in the petition in error would require the review of evidence that is not now before us in the absence of a bill of exceptions. Lanc v. Douglas County Welfare Administration, 189 Neb. 651, 204 N. W. 2d 387. In the absence of a bill of exceptions, this court may only determine whether the pleadings below in the transcript support the judgment entered by the District Court. We have reviewed the petitions, and the recommendations of the assessor, and find that they support the action taken by the board of equalization. We, therefore, on consideration of the matter, determine that the orders of the board of equalization must be affirmed. The parties did not brief and we do not pass upon what, if any, conditions the provisions of sections 77-202.01 et seq., R. R. S. 1943, might attach to the filing of a petition in error in view of the statutorily declared purpose of providing a preferred remedy for the review of determination of exemption applications before county boards of equalization. We specifically express no opinion as to whether such a transcript must show that a request for a review was first made on the state Tax Commissioner as a condition precedent to the filing of a petition in error in the District Court.

AFFIRMED.

BOSLAUGH, J., concurs in the result.