ILA D. ANDREWS, APPELLANT, V. CITY OF FREMONT, NEBRASKA, APPELLEE.

328 N.W.2d 194

Filed December 23, 1982. No. 81-609.

Avis R. Andrews of Kuhlman Law Offices, for appellant.

Lyle B. Gill, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an appeal from the decision of the District Court for Dodge County, Nebraska, which affirmed a decision by the city council of the City of Fremont, Nebraska, on petition in error and refused to subdivide a tract of land in Chase's Addition to the City of Fremont, Dodge County, Nebraska. The tract is described as the north 66 feet of Lots 3 and 4, Block 34. The portion of Lot 4 owned by the petitioner in error is 66 feet north to south and Lot 4 is 66 feet wide. The portion of Lot 3 owned by petitioner in error measures 66 feet by 74 feet. Before considering the assignments of error, it is well to review the type of action that was presented to the District Court and to this court.

The appellant, Ila D. Andrews, filed a petition in error in the District Court under the provisions of Neb. Rev. Stat. § 25-1901 (Reissue 1979). "A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." The transcript presented to the District Court consists of only two documents. One is a document entitled "APPLICATION TO SUBDIVIDE REAL ESTATE," and provides as follows: "TO THE HONORABLE MAYOR AND CITY COUNCIL FREMONT, NEBRASKA GENTLEMEN: I, ILA D. ANDREWS OWNERS OF THE NORTH 66 FEET OF LOTS 3 AND 4, BLOCK 34, CHASES ADDITION HEREWITH FILE AN APPLICATION TO SUBDIVIDE THE ABOVE INTO TWO (2) LOTS The north 66 feet of Lot 3, Block 34, Chases Addition with front, side and rear yard variances. The north 66 feet of Lot 4, Block 34, Chases Addition with front, side and rear yard variances. Very truly yours . . . ."

The transcript also contains the summary of the

minutes of the meeting of the planning commission on June 16, 1980, as follows: "Attorney Avis Andrews was present, representing Ila D. Andrews, and stated that in 1969 permission was received from the City to move a second house onto this property. The question was raised at the last meeting whether or not there was any authority for the Planning Commission to approve this request. Miss Andrews felt the Planning Commission had the authority to approve as these properties fit into the character of the neighborhood — one for rental and the other the owners home. Not being able to subdivide presents an unreasonable hardship — first it presently restricts her ability to transfer the property; and second this situation existed at the time the ordinance was adopted and now is considered non-compliance.

"Attorney Lyle Gill explained that the City Council passed Ordinance No. 2980 and set forth requirements before a request of this nature could be granted. This ordinance binds everyone in city government, the City Council as well as the Planning Commission. The request does not comply with the requirements of the Ordinance. Moved by Hansen, seconded by Gifford to recommend denial of the request. Roll Call Vote showed all members voting aye — 9 aye. Motion Carried."

The transcript also contains excerpts from the meeting of the city council of Fremont, Nebraska, on June 24, 1980, in part as follows: "The City Clerk read a resolution offered by Councilman Mussack, seconded by Councilman Row permitting Ila D. Andrews permission to subdivide north 66 feet of Lots 3 and 4, Block 34, Chase's Addition into two lots. Avis Andrews, Attorney for Mrs. Andrews spoke in favor of this subdivision. This was denied by the Planning Commission. Roll call vote showed all Councilmen present voting nay — 6 nays. Thereupon the Mayor declared the resolution failed."

The transcript was appropriately filed by the ap-

pellant in the District Court. It did not include a copy of the ordinance under which the application was presented and denied, nor any transcript of evidence other than that summarized at the planning commission hearing. Apparently confusing an action under § 25-1901 with a review de novo, attorneys for both the city and the applicant sought permission to and were allowed to introduce evidence in the District Court consisting of the various ordinances of the City of Fremont and a stipulated set of facts reciting in great detail the facts surrounding the ownership and time sequence of various activities with respect to the subject property. No objection was made to this evidence and, apparently, the District Court considered it in its decision. The trial court and the parties misconstrued the function of a petition in error. A petition in error is designed to review the decision of the inferior tribunal. It is not to act as a super legislative or administrative agency to come to an independent conclusion. First, we observe that the decision not to subdivide the property of the petitioner in error was a judicial decision by the city council, apparently acting as a board of adjustment pursuant to Neb. Rev. Stat. § 19-910 (Reissue 1977), as distinguished from a purely legislative act which must be challenged collaterally. *Scottsbluff Improvement Assn. v. City of Scottsbluff,* 183 Neb. 722, 164 N.W.2d 215 (1969).

As stated before, the transcript which was filed in the District Court, and which is brought to this court on appeal, does not contain the ordinances. Each of the nine assignments of error presented to the District Court and presented to this court refers to the ordinances of the City of Fremont, which simply were not before the District Court and are not before us as they did not appear in the transcript of the proceedings had before the city council of the City of Fremont, and we are powerless to review them. Courts of general jurisdiction will not take judicial notice of municipal ordinances not present in the

record, nor will the Supreme Court. *Dell v. City of Lincoln,* 168 Neb. 174, 95 N.W.2d 336 (1959); *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.,* 201 Neb. 405, 268 N.W.2d 98 (1978).

New evidence is not permitted in the appellate court to determine if errors of law occurred in the tribunal giving rise to the error proceeding. *Dovel v. School Dist. No. 23,* 166 Neb. 548, 90 N.W.2d 58 (1958); *Dlouhy v. City of Fremont,* 175 Neb. 115, 120 N.W.2d 590 (1963).

Where errors assigned require review of evidence in error proceedings, they cannot be considered in the absence of a bill of exceptions. *Lanc v. Douglas County Welfare Administration,* 189 Neb. 651, 204 N.W.2d 387 (1973).

It is important to note, as we held by inference in *Ross v. The Governors of Knights of Ak-Sar-Ben,* 199 Neb. 513, 260 N.W.2d 202 (1977), that the transcript must contain all of the evidence relied on for reversal in the District Court or the question will be limited, as it is here limited, only to whether the transcript supports the judgment of the city council of Fremont, Nebraska. We are unable to determine that it does not, since all the errors claimed relate to the application of evidence to the ordinances and only a bare narrative of the facts is before us and none of the ordinances. Appellant remains free to refile her application for subdivision with the city council and to make a proper record with that tribunal.

Since we have nothing to review, as was the case in the District Court, the decision of the District Court is affirmed.

AFFIRMED.