PEDRO GARZA, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
340 N.W.2d 409

Filed November 18, 1983. No. 83-152.

Clyde A. Christian, for appellant.

Herbert M. Fitle, City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The appellant, Pedro Garza, appeals from an order entered by the District Court for Douglas County, Nebraska, affirming the action of the Board of Trustees of the City of Omaha Employees' Retirement System (Board of Trustees) in denying to Garza a monthly disability pension sought by Garza pursuant to § 22-35 of the Omaha Municipal Code (1980). On review we believe that the trial court was correct and the judgment should be affirmed.

Garza was employed by the City of Omaha since 1975. In 1976 he was promoted to the position of automotive equipment operator (AEO-I), and was employed by the city for a total of 6 years and 10 months. While employed as an AEO-I, he suffered two work-related injuries for which he received workmen's compensation benefits. Both injuries resulted in Garza being temporarily totally disabled, but not permanently totally disabled. However, because of certain physical limitations resulting from these injuries, Garza was relieved of his duties as an AEO-I and assigned to perform the duties of a night watchman. The city maintains that Garza failed to perform these duties adequately, and on March 30, 1982, notified him by mail that he would be suspended effective March 31, 1982, through April 16, 1982, after which time he was to be dismissed. During the period of suspension, Garza filed his application for a work-related disability pension pursuant to the provisions of chapter 22 of the Omaha Municipal Code, which provides in part as follows: "Sec. 22-35.

. . . (a) Any member of the system who has at least five (5) years of service credit and has sustained and/or shall sustain injuries or sickness, which immediately or after a lapse of time *permanently unfit* such member for *active duty*, shall receive a monthly disability pension as long as he or she remains unfit for active duty or until he reaches age sixty-five (65), whichever event occurs first." (Emphasis supplied.) In response to the application a hearing was held by the Board of Trustees. Following the hearing, the Board of Trustees voted to deny the pension.

Garza argued, both to the District Court and to this court, that he is entitled to this permanent disability, even though he was employable by the city as a night watchman, because he no longer performed the duties of an AEO-I. The evidence, scant as it is, appears to establish that while Garza could not, at this time, perform the duties of an AEO-I, he could perform the duties of a night watchman, though he did not like the work.

We believe that Garza has misinterpreted the Omaha Municipal Code. The code does not provide that one may obtain a permanent disability if one is no longer able to perform the duties for which the employee was specifically hired. Rather, it provides that one may receive early disability retirement if, and only if, the injuries result in the employee being "permanently unfit . . . for active duty." The undisputed evidence in this case is that Garza was not unfit for active duty. Garza's counsel conceded before the board that Garza was not disabled from doing the duties of a night watchman and, in fact, could perform those duties. Nevertheless, he argues that Garza is entitled to receive disability because he cannot perform the duties of an AEO-I. There is simply no evidence in the record to establish that Garza is permanently unable to be engaged in active duty. Garza wants us to read a meaning into the ordinance which the plain words do

not provide. This we cannot do. In *County of Douglas v. Board of Regents*, 210 Neb. 573, 577, 316 N.W.2d 62, 65 (1982), we said: " 'In the absence of anything to indicate the contrary, words must be given their ordinary meaning.' " See, also, *State v. One 1970 2-Door Sedan Rambler*, 191 Neb. 462, 215 N.W.2d 849 (1974).

Likewise, we are not permitted to read words into a statute or ordinance which are not there. See *State v. Hamilton, ante* p. 694, 340 N.W.2d 397 (1983). The ordinance does not permit one to receive disability payments if the employee is able to perform active duty services for the employer, even though not the same as performed before the injury. It is only where the employee is unable to perform at all that he or she may receive benefits. The record in this case failed to establish that Garza was "permanently unfit" for "active duty."

Often we have said: "In error proceedings taken from findings and orders of an administrative agency or body acting in a quasi-judicial capacity, as in the case at bar, only two questions are ordinarily presented for decision. The general rule is that if it appears in such cases that such agency or body has acted within its jurisdiction and that all of the jurisdictional facts essential to uphold its findings and orders are sustained by some competent evidence, such findings and orders will be upheld in error proceedings to the district court and on appeal to this court." *Lynch v. City of Omaha*, 153 Neb. 147, 150-51, 43 N.W.2d 589, 591-92 (1950). See, also, *Tinsley v. City of Omaha*, 190 Neb. 380, 208 N.W.2d 693 (1973); *Caniglia v. City of Omaha*, 210 Neb. 404, 315 N.W.2d 241 (1982). It seems clear to us that what § 22-35 is intended to do is to provide early retirement for an employee who has served for more than 5 years and who is no longer able to engage in employment for the city. The record in this case does not support that position. In fact, Garza accepted the work as night watchman and did not file

for permanent disability until he had been discharged by the city from the job he was then performing. We believe that the judgment of the trial court affirming the action of the Board of Trustees was correct. The judgment is affirmed.

AFFIRMED.