PAUL E. COX, APPELLANT, V. COUNTY OF SARPY ET AL., APPELLEES.
348 N.W.2d 120

Filed April 20, 1984.   No. 83-307.

Donald J. Loftus, P.C., for appellant.

William P. MacKenzie, Deputy Sarpy County Attorney, for appellees.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired.

HASTINGS, J.

The employment of Paul E. Cox as a deputy sheriff was terminated by order of the sheriff. That action was affirmed by the Sarpy County Sheriff's Merit Commission. The district court rejected Cox's petition in error, thereby approving the action of termination.

In his appeal Cox claims that the commission was without authority to amend the sheriff's order of termination, the termination was not supported by a showing of good cause, and the findings of the commission were never certified to the sheriff as required by statute. We find it necessary to deal only with the issue of good cause.

On March 27, 1981, Paul Cox sustained certain injuries arising out of and during the course of his employment as a deputy sheriff. For a period of time following that he was totally disabled. As a result, he received weekly compensation checks, which he turned back to the county and in turn received his regular paychecks. This was in accordance with the labor agreement between the county and the police union. That contract provided in part that workmen's compensation benefits paid to an employee to replace lost salary are to be turned over to the county, which in turn will pay the regular salary to the employee as long as the employee remains eligible for compensation benefits.

Following a surgical operation in March of 1982, Cox was given to understand that he had a 15-percent permanent disability. According to Cox, he under-

stood that his physician released him for light work. However, the sheriff's office informed him that he could not return to work as long as he had the disability rating and was under the physician's care. He was told that he would be off on temporary disability. Cox began receiving workmen's compensation checks, which he said he understood were for his disability rating rather than for loss of wages. He also received normal paychecks during this period of time.

After having received and cashed two of those paychecks, Cox was told by the sheriff's department that any further paychecks would be held unless he turned back the workmen's compensation checks. Although the record is rather sketchy in this regard, Cox failed to turn back the checks and his employment was terminated.

Termination was accomplished by a letter from the sheriff dated May 17, 1982, advising Cox that he had been suspended from employment as of May 15 and would be terminated as of May 31. The reason given for such action was that Cox had failed to comply with the rules regarding workmen's compensation benefits. According to a memo sent from the sheriff's department to Cox, dated May 21, 1982, he was to be sent a final check covering the balance due him for vacation and holiday pay less the amount of the previously mentioned two paychecks.

Following a June 22, 1982, hearing, the Sarpy County Sheriff's Merit Commission denied Cox's grievance, declaring that the sheriff did have just cause for the action which he had taken. It did, however, amend the termination order so as to be effective on June 30, 1982, because the sheriff's letter was not received by Cox until May 31.

The bylaws of the sheriff's merit commission, by article III, provide for a classified service. Section XII of that article directs that any violation of the provisions of § XI shall be punishable by reprimand, suspension, demotion, or termination. That section

goes on to relate that any of those sanctions may be applied for "cause." Section XI states in part:

> Any action which reflects discredit upon the service or is a direct hindrance to the effective performance of the county government functions shall beconsidered [sic] good cause for disciplinary action. The following are declared to be good cause for disciplinary action against any employee, though charges may be based upon caused [sic] and complaints other than those listed.

There follow 14 specific acts, such as habitual use of alcohol or narcotics, criminal offenses, negligence, solicitation of gifts, failure to pay debts, and other activities which would not cover the situation here.

The appellee argues that justifiable "cause" is not limited to the specific activities enumerated. We agree. However, the appellee cites us to no authority which would permit a finding that an unspecified activity that does not reflect "discredit upon the service or is [not] a direct hindrance to the effective performance of the county government functions" furnishes good cause for disciplinary action. We find no such authority ourselves.

A petition in error is designed to review the decision of the inferior tribunal to determine that it is in accordance with law and is supported by sufficient competent evidence. The reviewing court is not to act as a super administrative agency and come to an independent conclusion. *Andrews v. City of Fremont*, 213 Neb. 148, 328 N.W.2d 194 (1982); *Hollingsworth v. Board of Education*, 208 Neb. 350, 303 N.W.2d 506 (1981).

Generally, discharge of an employee protected by civil service or classified service may only occur for reasons stated in the enabling legislation or agreement. *Sailors v. City of Falls City*, 190 Neb. 103, 206 N.W.2d 566 (1973).

In order to support the action of the sheriff, it was necessary that the commission find that the action

of Cox in cashing the two payroll checks while retaining the workmen's compensation benefits either reflected discredit on the service or was a direct hindrance to the effective performance of the county government functions. Such a finding was not supported by sufficient competent evidence.

If such activities are intended to be good cause for discipline, the bylaws should be amended to so provide.

The judgment of the district court is reversed, and the cause is remanded with directions to order the reinstatement of Paul Cox to his position in the classified service, with restoration of backpay and benefits, mitigated by any wages or salary earned by him in the interim, and further reduced by the amount of any workmen's compensation benefits paid to the plaintiff on account of temporary total disability.

REVERSED AND REMANDED WITH DIRECTIONS.