NORMAN R. BRUNKEN, APPELLANT, V. CITY OF OMAHA
EMPLOYEES' RETIREMENT SYSTEM BOARD OF TRUSTEES,
APPELLEE.
405 N.W.2d 595

Filed May 15, 1987.    No. 86-111.

Daniel W. Ryberg, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This appeal deals with the single question as to whether the appellant, Norman R. Brunken, was entitled to receive a monthly disability pension from the City of Omaha by reason of his having become permanently unfit for active duty as a city employee. While the question itself is relatively simple and straightforward, the case is anything but simple and straightforward. The first thing we must do, then, is attempt to sort out the pieces so that the question involved in the appeal can be addressed.

In reality, two appeals were ultimately filed in the district court for Douglas County, Nebraska, from actions taken by the City of Omaha Employees' Retirement System Board of Trustees (Board). Those appeals were consolidated, for argument only, first in the district court and again in this court. While they have been consolidated for argument, they remain two separate cases and should be addressed as such.

The first case (docket 841, page 174) was filed in the district court for Douglas County, Nebraska, on December 19, 1984, and sought to review a decision entered by the Board following

a hearing held on November 21, 1984. The exact date the Board entered the decision denying Brunken's request for disability payments is not shown.

On January 9, 1985, while the matter was pending on appeal in the district court, the district court sustained a motion filed by the City of Omaha to strike paragraph 3 of Brunken's petition in error, which alleged, "Chapter 22 of the Ordinance of the City of Omaha, establish [sic] a Pension and Retirement Plan and Disability Retirement. Such chapter is attached hereto and incorporated herein as Exhibit 'A,' " on the basis that Brunken had failed to introduce the ordinance at the hearing before the Board. Brunken then sought to file a supplemental transcript in which he added the city ordinance, for the first time, before the district court. The district court denied the request, and Brunken then filed a second application before the Board, seeking a determination that he was eligible for disability benefits under the Omaha city ordinance.

At this subsequent hearing he reintroduced all of the evidence previously introduced at the first hearing and, in addition, presented the Board with a copy of the relevant Omaha city ordinance. This second hearing resulted in the Board's once again denying Brunken disability benefits, and that order was then appealed to the district court for Douglas County, Nebraska, and is docket 844, page 723.

While the matters were consolidated for argument in both the district court and again in this court, we believe that we can avoid some of the confusion if we review them separately. For that reason we will first examine the decision entered following the hearing held on November 21, 1984, at which the ordinance of the City of Omaha was not made a part of the record. We believe that the district court was correct in its decision regarding the striking of paragraph 3 of Brunken's petition in error and thereafter affirming the action of the Board. The specific question was earlier presented to this court in the case of *Andrews v. City of Fremont*, 213 Neb. 148, 328 N.W.2d 194 (1982), and is dispositive of the issue.

In *Andrews* a landowner appealed a decision by the city council of the City of Fremont, which refused to subdivide a tract of land owned by appellant. Copies of the relevant

ordinances were not presented to the city council and were not made a part of the transcript filed in the district court for Dodge County, Nebraska. In affirming the action of the district court, we said at 151-52, 328 N.W.2d at 196:

> As stated before, the transcript which was filed in the District Court, and which is brought to this court on appeal, does not contain the ordinances. Each of the nine assignments of error presented to the District Court and presented to this court refers to the ordinances of the City of Fremont, which simply were not before the District Court and are not before us as they did not appear in the transcript of the proceedings had before the city council of the City of Fremont, and we are powerless to review them. Courts of general jurisdiction will not take judicial notice of municipal ordinances not present in the record, nor will the Supreme Court.

We went on further in *Andrews, supra* at 152, 328 N.W.2d at 196, to say:

> New evidence is not permitted in the appellate court to determine if errors of law occurred in the tribunal giving rise to the error proceeding. [Citations omitted.]
>
> Where errors assigned require review of evidence in error proceedings, they cannot be considered in the absence of a bill of exceptions.

We concluded in *Andrews, supra* at 152, 328 N.W.2d at 197, by saying: "Appellant remains free to refile her application for subdivision with the city council and to make a proper record with that tribunal."

Neither the district court for Douglas County, Nebraska, nor this court has any means to review the action of the Board regarding the first hearing, in view of the fact that in order to review the action we must have before us the relevant ordinance and it was not made a part of the transcript. Brunken's attempt to supplement the transcript on appeal was without authority. Because the issue of whether Brunken was entitled to disability was dependent upon the language of the Omaha city ordinance, neither the district court nor this court could properly pass upon the issue without having the ordinance before it. For that reason, if for no other reason, the action of the district court in

ultimately affirming the action of the Board denying to Brunken disability in docket 841, page 174, was correct and should be affirmed in this court.

That, then, leaves us with a review of the second case, docket 844, page 723. Brunken has assigned a number of errors, including that he had been denied his constitutional rights to due process and had been denied justice. Those arguments apparently are based upon some notion that Brunken was prevented from introducing evidence at the second hearing to establish his disability. While much is made of all of this by Brunken, a reading of the record quickly dispels any such contention.

The verbatim transcript discloses that on May 15, 1985, Brunken and his attorney appeared before the Board, where his attorney said:

> My name is Dan Ryberg, and I am the attorney representing Mr. Brunken. The reason that we brought this back to you is not because there has been any change, but because the District Court wanted a record, or wanted the ordinance of the pension on record, and that wasn't in the record and therefore I have to come back to you to make a record and put the ordinance in. That's really why we are here today, and that's really the only reason we're here today is simply to make the record that the District Court says should have been made in the first place. So to that end, I do have a copy of the Chapter 22 of the ordinance which I believe is what the court is guided by that I have marked at the bottom as Exhibit "W" and submit it for your consideration.

Ryberg then went on to say: "Well, with that regard, I do have a package that has been given to you which I think is pretty much of a historical development of Mr. Brunken's - this is his third application, and the package itself, I think . . . ." At that point a motion was made to go into executive session, and the motion was sustained. The record discloses that neither Brunken nor his attorney voiced any objection.

Following the executive session, the Board reconvened, and the following is reported to have taken place:

> JAMES DOYLE: Madam Chairman, after having time

to review the packet that we have in front of us today, I make a motion to deny the application based on the fact that there is no demonstrated change in medical evidence presented to this board for its consideration of the application.

The motion was seconded and unanimously passed.

Brunken now maintains that he was denied his due process because he was not afforded an opportunity to introduce other or additional material to establish his disability. Neither the Board nor the court is advised what additional material was to be presented. Furthermore, it would seem that such a claim is contrary to what Brunken's attorney said to the Board at the outset. The only reason he gave for reapplying to the Board was to introduce the ordinance, which was accepted by the Board. He made no initial effort to present any other evidence to the Board, and there is no offer of any other evidence to the Board. Specifically, he earlier said:

The reason that we brought this back to you is not because there has been any change, but because the District Court wanted a record, or wanted the ordinance of the pension on record, and that wasn't in the record and therefore I have to come back to you to make a record and put the ordinance in. That's really why we are here today, and that's really the only reason we're here today is simply to make the record that the District Court says should have been made in the first place.

Moreover, if he had additional material he could have included it in the packet he first gave to the Board. It is obvious from a reading of the proceedings that the Board considered the record, including the ordinance as presented by Brunken, and denied Brunken's request for disability.

It seems to us, therefore, that the only question before the district court initially on appeal and before this court subsequently on appeal is whether the action of the Board in denying Brunken's request for disability was based on some competent evidence. We conclude, as did the district court, that the decision was based upon competent evidence and must be affirmed.

Omaha Mun. Code § 22-35(a) (1980) provides in part:

> Any member of the system who has at least five (5) years of service credit and has sustained and/or shall sustain injuries or sickness, which immediately or after a lapse of time *permanently unfit such member for active duty*, shall receive a monthly disability pension as long as he or she remains unfit for active duty or until he reaches age sixty-five (65), whichever event occurs first.

(Emphasis supplied.)

The evidence presented to the Board, which, in part, consisted of medical statements, did not establish that Brunken was permanently disabled from active service. Rather, the various reports can reasonably be read to establish that Brunken suffers from a lung disease which restricts his activity but does not render him permanently disabled. At least one of the physicians concluded that Brunken's condition could be controlled with appropriate therapy. All of them urged the city to permit Brunken to work in an air-conditioned environment, free of noxious agents such as dust, but none of them suggested that he was not capable of engaging in some form of employment. Even Brunken's treating physician, after suggesting the Brunken not continue to work in an atmosphere containing pollutants, concluded by saying: "There are no other restrictions that need to be taken into consideration other than the concrete and dust free environment in attempting to place Mr. Brunken in some other position." This does not make Brunken "permanently unfit . . . for active duty" as we have previously interpreted that phrase.

Brunken acknowledges that under our previous decision in the case of *Garza v. City of Omaha*, 215 Neb. 714, 340 N.W.2d 409 (1983), the decision of the Board could be upheld. Nevertheless, he argues that we should disregard *Garza*, or at least limit it to the facts present therein. We see no basis to follow that suggestion. In *Garza v. City of Omaha, supra*, we were asked to pass upon this very ordinance. The Board had denied to Garza his request for monthly disability. On appeal, the district court affirmed, and, on further appeal to this court, we also affirmed.

Garza sustained injuries while employed by the City of Omaha, resulting in his being temporarily totally disabled but

not permanently totally disabled. As a result of the injuries, however, he did incur certain physical limitations requiring him to be assigned to other duties. Garza argued that by reason of the injuries he should receive disability under the Omaha city ordinance in question.

In sustaining the action of the Board we first said in *Garza, supra* at 717, 340 N.W.2d at 412:

> The ordinance does not permit one to receive disability payments if the employee is able to perform active duty services for the employer, even though not the same as performed before the injury. It is only where the employee is unable to perform at all that he or she may receive benefits.

We then went on to note:

> "In error proceedings taken from findings and orders of an administrative agency or body acting in a quasi-judicial capacity, as in the case at bar, only two questions are ordinarily presented for decision. The general rule is that if it appears in such cases that such agency or body has acted within its jurisdiction and that all of the jurisdictional facts essential to uphold its findings and orders are sustained by some competent evidence, such findings and orders will be upheld in error proceedings to the district court and on appeal to this court." [Citation omitted.]

*Id.*

The record would support a finding that Brunken could be gainfully employed if freed from the pollutants. Based on the two criteria from *Garza,* we have no difficulty in finding that the Board acted within its jurisdiction and that its action was sustained by some competent evidence. For those reasons, therefore, we conclude that the action of the district court affirming the action of the Board must be affirmed.

AFFIRMED.