IN RE ESTATE OF PEARL B. HANIKA, DECEASED.
DALE L. HANIKA AND VINCEL E. HANIKA, APPELLANTS, V. BYRLE
HANIKA, PERSONAL REPRESENTATIVE OF THE ESTATE OF PEARL B.
HANIKA, DECEASED, APPELLEE.

428 N.W.2d 502

Filed September 2, 1988.    No. 86-590.

Wallace Becker, of Nelson & Harding, for appellants.

Richard L. Halbert and Michael R. Dunn, of Halbert & Dunn, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

GARDEN, D.J.

This is an appeal from the district court for Richardson County. The district court upheld an order of the county court for Richardson County which apportioned federal estate taxes, interest thereon, and attorney fees among persons interested in the estate of Pearl B. Hanika, deceased. Before considering the assignments of error, it will be necessary to review the manner in which this case was presented to the district court and to this court.

The appellee, Byrle Hanika, personal representative of the estate of Pearl Hanika, filed a formal petition in the county court for Richardson County for a supplemental decree to determine the share of taxes and expenses to be paid by the devisees and heirs of the estate. The appellants, Dale L. Hanika and Vincel E. Hanika, filed notice of objection, and hearing was had in the county court on the issues thus joined. The county court entered an order apportioning the death taxes and expenses of probate. The appellants then filed a notice of appeal with the county court, followed by a petition in error in the district court for Richardson County. No bill of exceptions from the county court was filed in the district court. The appellee personal representative filed a responsive pleading captioned "Response to Petition in Error and Petition on

Appeal of Appellee." The matter was tried de novo in the district court without objection by the appellants or appellee. The district court affirmed the findings and order of the county court apportioning death taxes and expenses of probate. The objectors perfected their appeal to this court. The bill of exceptions from the district court contains the transcript from the county court as exhibit 1 and also contains the additional evidence received at the trial de novo in the district court.

County court apportionment orders entered pursuant to Neb. Rev. Stat. §§ 77-2108 and 77-2112 (Reissue 1986) are final, appealable orders. *In re Estate of Detlefs*, 227 Neb. 531, 418 N.W.2d 571 (1988). The standard of review of such matters is de novo on the record. *In re Estate of Detlefs, supra.* The appellants attempted to obtain relief in the district court by filing a petition in error therein. In *Andrews v. City of Fremont*, 213 Neb. 148, 152, 328 N.W.2d 194, 196-97 (1982), we said:

New evidence is not permitted in the appellate court to determine if errors of law occurred in the tribunal giving rise to the error proceeding. [Citations omitted.]

Where errors assigned require review of evidence in error proceedings, they cannot be considered in the absence of a bill of exceptions. [Citation omitted.]

It is important to note, as we held by inference in *Ross v. The Governors of Knights of Ak-Sar-Ben*, 199 Neb. 513, 260 N.W.2d 202 (1977), that the transcript must contain all of the evidence relied on for reversal in the District Court or the question will be limited, as it is here limited, only to whether the transcript supports the judgment of the city council of Fremont, Nebraska.

We have reviewed the transcript of the county court for Richardson County and determine that the same does support the judgment of the county court.

In the absence of a bill of exceptions from the county court, we have nothing to review, as was the case in the district court. Therefore, the decision of the district court is affirmed.

AFFIRMED.