PATRICK J. BOLAN ET AL., APPELLANTS, V. MICHAEL BOYLE ET
AL., APPELLEES.

387 N.W.2d 690

Filed May 30, 1986.    No. 85-201.

Robert E. O'Connor, Jr., of Robert E. O'Connor &
Associates, for appellants.

Herbert M. Fitle, Omaha City Attorney, and Timothy K.
Kelso, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN,
and GRANT, JJ.

GRANT, J.

Plaintiffs, Patrick J. Bolan and Marcellus Deats, appeal the
dismissal of their suit against Michael Boyle; the City of Omaha
(City), a municipal corporation; and others. In an earlier case
involving these same parties, *Bolan v. Boyle*, 218 Neb. 85, 352
N.W.2d 586 (1984) (*Bolan I*), the defendants were described as
officials of the City and the City and were referred to
collectively as the City. We use the same nomenclature herein. In
*Bolan I* this court held that plaintiffs were entitled to be
compensated for the entire time they were at work for the City,
and reversed and remanded for further proceedings. After
remand, defendant City filed a motion for summary judgment
alleging there was no material question of fact and that the City
was entitled to judgment as a matter of law. After hearing, the
district court granted the motion for summary judgment based
upon the lack of jurisdiction and dismissed plaintiffs' petition.
The district court found that plaintiffs had failed to either allege
in the petition or submit any evidence to show that they had first
filed their claim with the city comptroller, as required by Neb.
Rev. Stat. § 14-804 (Reissue 1983), as a prerequisite to seeking

judicial relief.

Plaintiffs assign four errors, which may be considered as two: (1) That it was error for the district court to entertain a jurisdictional challenge on remand; and (2) That it was error to dismiss the action for lack of jurisdiction based upon § 14-804, rather than finding that the Nebraska Wage Payment and Collection Act (Wage Act), Neb. Rev. Stat. §§ 48-1228 et seq. (Reissue 1984), applied and granted jurisdiction. For the following reasons we affirm.

The facts of this case have been adequately set out in *Bolan I* and will not be reiterated here. As stated above, in *Bolan I* we ruled that since the employer City retained a hold on the employees during their lunch period so that the employees were not actually at liberty, that therefore the lunch period constituted compensable time. The judgment was reversed and the cause remanded for further proceedings. It was on remand to the district court that the City first raised the jurisdictional issue under § 14-804. No evidence appears in the record on this appeal to show that plaintiffs followed the procedure set out in § 14-804.

We find plaintiffs' assertion that jurisdiction could not be raised on remand to be without merit. While we note that *Bolan I* has turned out to be an exercise in futility, since the City failed to raise the dispositive jurisdictional issue until remand, this court cannot act to impose or grant subject matter jurisdiction on a court which otherwise does not have it. As we have reaffirmed recently, "parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent." *Riedy v. Riedy, ante* p. 310, 312, 383 N.W.2d 742, 744 (1986). Subject matter jurisdiction may not be waived.

Plaintiffs' argument that it was error for the district court to apply § 14-804 and dismiss the petition is also without merit. While plaintiffs assert that it was error for the district court to hold that the Wage Act did not apply, it is unnecessary for this court to reach that issue. For the following reasons we determine that there was no jurisdiction in the district court, and we affirm the district court's dismissal of the petition based upon plaintiffs' failure to comply with § 14-804.

Generally, before a court may acquire jurisdiction over a

claim against a city of the metropolitan class, the procedures set out in § 14-804 must be followed. See *Schmitt v. City of Omaha*, 191 Neb. 608, 217 N.W.2d 86 (1974). Section 14-804 provides:

> Before any claim against the city, except officers' salaries earned within twelve months or interest on the public debt is allowed, the claimant or his agent or attorney shall verify the same by his affidavit, stating that the several items therein mentioned are just and true and the services charged therein or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount therein charged and claimed is due and unpaid, allowing all just credits. . . . All claims against the city must be filed with the city comptroller. When the claim of any person against the city is disallowed, in whole or in part, by the city council, such person may appeal from the decision of said city council to the district court of the same county, as provided in section 14-813.

The City is one of the metropolitan class governed by Neb. Rev. Stat. ch. 14 (Reissue 1983). Section 14-804 provides procedural prerequisites which must be followed before a claim against the City may be allowed or the disallowance of such a claim may be appealed to a district court. Section 14-804 governs all such claims, and we hold that it governs the claim involved herein. No evidence showing that plaintiffs followed the procedures set out in § 14-804 was presented to the district court. Jurisdiction did not attach in the district court, and, therefore, this court has no jurisdiction to consider the matter further. See, *Glup v. City of Omaha, ante* p. 355, 383 N.W.2d 773 (1986); *Moell v. Mennonite Deaconess Home & Hosp.*, 221 Neb. 168, 375 N.W.2d 618 (1985).

The district court was correct in finding that it lacked jurisdiction, and its dismissal of the petition is affirmed.

AFFIRMED.

CAPORALE, J., not participating.