THOMAS L. COFFELT, APPELLANT, V. CITY OF OMAHA, A
MUNICIPAL CORPORATION, ET AL., APPELLEES.
388 N.W.2d 467

Filed June 13, 1986.   No. 85-052.

Peter C. Bataillon of Sodoro, Daly & Sodoro, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Timothy K. Kelso, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

On June 14, 1981, Thomas L. Coffelt, an Omaha policeman, sustained personal injury while on duty. A neurological surgeon operated on Coffelt for a herniated disk on August 14 and advised Coffelt against doing any heavy lifting. Coffelt was placed on departmental "injured on duty" status, which meant no work of any kind. Notwithstanding his "injured on duty" status, Coffelt performed construction work at a restaurant and was thereafter suspended from the police department on November 3. At the hearing before the City of Omaha Police and Fire Retirement System board of trustees, evidence included photographs showing Coffelt involved in unloading a truck during construction work at the restaurant and written reports from the neurological surgeon who had operated on

Coffelt. The surgeon's report dated December 29, 1981, stated that, while Coffelt had sustained disability to his body as a whole, he was able to return to his police duties as of February 1, 1982. In his report dated July 15, 1983, the surgeon stated that, based on Coffelt's description of the type of police work he performed, "I do not believe that he could engage in the type of police work he described." The board denied Coffelt's application for benefits.

Coffelt filed his petition in error in the district court and alleged two causes of action. Coffelt's first cause of action challenged the action of the board in denying disability benefits to Coffelt. The second cause of action set out Coffelt's claim based on "breach of contract"; that is, the city, by action of the board, had failed in its duty to pay disability benefits to Coffelt as required by the retirement system for policemen. Coffelt did not allege, and evidence at trial did not establish, that Coffelt had filed a claim with the city comptroller as required by Neb. Rev. Stat. § 14-804 (Reissue 1983) concerning a claim against a city of the metropolitan class. At the conclusion of the trial on Coffelt's petition, the district court ruled there was competent evidence to sustain the findings and order of the board, affirmed the board's decision, and entered judgment in favor of the defendants, dismissing Coffelt's entire action. Coffelt appeals and assigns as error the court's judgment affirming the board's decision and dismissing the breach of contract action.

*Garza v. City of Omaha*, 215 Neb. 714, 340 N.W.2d 409 (1983), was an action involving an employee's appeal from an order of the board of trustees of the City of Omaha's retirement system. The board denied the employee's claim for a monthly disability pension, and the employee filed error proceedings in the district court. We held in *Garza*:

"The general rule is that if it appears in such cases that such agency or body has acted within its jurisdiction and that all of the jurisdictional facts essential to uphold its findings and orders are sustained by some competent evidence, such findings and orders will be upheld in error proceedings to the district court and on appeal to this court."

*Id.* at 717, 340 N.W.2d at 412.

In *Andrews v. City of Fremont*, 213 Neb. 148, 151, 328 N.W.2d 194, 196 (1982), this court stated: "A petition in error is designed to review the decision of the inferior tribunal. It is not to act as a super legislative or administrative agency to come to an independent conclusion."

Although the evidence before the board in this case was in conflict, there is competent evidence to support the findings and order of the board. In error proceedings a court cannot reweigh the evidence or make a determination of fact independent of the board or tribunal whose action is being reviewed. Cf. *In re Appeal of Levos*, 214 Neb. 507, 335 N.W.2d 262 (1983) (in the absence of a de novo review, a determination of facts, credibility of witnesses, and weight to be given to evidence are matters for the administrative agency or tribunal whose decision is reviewed). Upon our review of the record, we find, as did the trial court, there is competent evidence to sustain the findings and order of the board in this case.

Coffelt's contention that the district court erred in dismissing a second cause of action is without merit. Coffelt's first cause of action was based on his appeal from the decision of the pension board. Coffelt's second cause of action was an original action based on a claim of the city's breach of contract regarding the retirement fund. To prosecute such claim against the city, Coffelt must have first filed his claim against the city as required by § 14-804. In *Bolan v. Boyle*, 222 Neb. 826, 827-28, 387 N.W.2d 690, 691-92 (1986), involving a claimant's failure to satisfy the filing requirement of § 14-804, we held:

> Generally, before a court may acquire jurisdiction over a claim against a city of the metropolitan class, the procedures set out in § 14-804 must be followed. . . . No evidence showing that plaintiffs followed the procedures set out in § 14-804 was presented to the district court. Jurisdiction did not attach in the district court, and, therefore, this court has no jurisdiction to consider the matter further.

Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent. See *Riedy v. Riedy*, 222 Neb. 310, 383 N.W.2d 742 (1986).

As we expressed in *Glup v. City of Omaha*, 222 Neb. 355,

359, 383 N.W.2d 773, 777 (1986):

Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. [Citation omitted.] Where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte. [Citations omitted.]

If the district court in this case did not have jurisdiction over the subject matter of the action, that fact could be raised at any stage of the proceedings, and such jurisdictional deficiency must be recognized by this court, whether formally raised or not, if such jurisdictional defect is apparent on the face of the record. If the district court lacked power to entertain the proceedings and decide the questions raised by such action, this court is equally without power to review the final judgment or order which is the subject matter of the action brought to the district court.

In Coffelt's case the district court never acquired jurisdiction regarding the second cause of action contained in Coffelt's petition. Consequently, this court, as well, has no jurisdiction to review any issue raised in the second cause of action contained in Coffelt's petition. Although the district court without jurisdiction could not render judgment on the merits as the result of the trial in this case, under the circumstances the judgment of the district court in dismissing the second cause of action in Coffelt's petition is correct and is, therefore, affirmed.

AFFIRMED.