RICHARD ANDREWS, APPELLEE, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.

401 N.W.2d 467

Filed February 20, 1987. No. 85-351.

James D. Faimon, Assistant Lincoln City Attorney, for appellant.

Robert R. Gibson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

From the judgment of the district court for Lancaster County, awarding Richard Andrews $11,856 and an attorney fee for Andrews' counsel, the City of Lincoln, a city of the primary class, see Neb. Rev. Stat. § 15-101 (Reissue 1983), has appealed. We reverse and remand with direction.

Andrews, a city employee, filed his petition in the district court, seeking judgment against the city for "loss of employment, loss of wages, and humiliation and embarrassment" because the city had failed to perform its contract of employment with Andrews. In his petition, Andrews did not allege that he had filed a claim with the city regarding any amount sought to be recovered by his suit. Among its defenses, the city asserted that Andrews had failed to comply with the filing requirement of Neb. Rev. Stat. § 15-840

(Reissue 1983) concerning liquidated or unliquidated contract claims against a city of the primary class.

After a trial on the merits, and notwithstanding absence of proof that Andrews had filed his claim with the city, the district court concluded that Andrews' "petition alleges a cause of action for an unliquidated claim in contract," and then awarded Andrews judgment for $11,856 and an attorney fee.

Concerning claims against a city of the primary class, § 15-840 provides:

> All liquidated and unliquidated claims and accounts payable against the city shall (1) Be presented in writing; (2) state the name of the claimant and the amount of the claim; and (3) fully and accurately identify the items or services for which payment is claimed or the time, place, nature, and circumstances giving rise to the claim. The finance director shall be responsible for the preauditing and approval of all claims and accounts payable, and no warrant in payment of any claim or account payable shall be drawn or paid without such approval. In order to maintain an action for a claim, other than a tort claim as defined in section 23-2402, it shall be necessary, as a condition precedent, that the claimant file such claim within one year of the accrual thereof, in the office of the city clerk, or other official whose duty it is to maintain the official records of a primary class city.

Neb. Rev. Stat. § 15-841 (Reissue 1983) states in part:

> Any taxpayer of the city, after the allowance in whole or in part of any liquidated or unliquidated claim, or the claimant, after the disallowance in whole or in part of any such claim, may appeal therefrom to the district court of the county in which the city is situated in accordance with the procedures set forth in sections 15-1201 to 15-1205.

Neb. Rev. Stat. §§ 15-1201 to 15-1205 (Reissue 1983) express the statutory provisions for an appeal to and hearing in the district court.

The city assigns 20 errors regarding the district court's judgment, including the district court's failure to find that Andrews had not complied with § 15-840—the requirement that all liquidated and unliquidated claims be filed in the office

of the city clerk. Andrews responds that his

> claim is an unliquidated claim in contract seeking consequential damages which require judicial action to determine, and his action is founded in the common law of contracts. The legislature has provided District Court jurisdiction for actions in contract, and a five-year statute of limitations, with no exceptions or reservations for actions against governmental subdivisions.

Brief for Appellee at 16.

There is no evidence, and Andrews does not contend, that any claim was filed by Andrews before he commenced the action in the district court.

A contract claim against a city of the metropolitan class was involved in *Bolan v. Boyle*, 222 Neb. 826, 387 N.W.2d 690 (1986), when the plaintiffs, without first filing their claim with the appropriate municipal officer, brought an original action in the district court to collect wages for overtime. In *Bolan* we stated:

> Generally, before a court may acquire jurisdiction over a claim against a city of the metropolitan class, the procedures set out in § 14-804 [filing a verified claim with the city comptroller] must be followed. . . . No evidence showing that plaintiffs followed the procedures set out in § 14-804 was presented to the district court. Jurisdiction did not attach in the district court, and, therefore, this court has no jurisdiction to consider the matter further. [Citations omitted.]

*Id*. at 827-28, 387 N.W.2d at 691-92.

In *Bolan* we concluded that "[t]he district court was correct in finding that it lacked jurisdiction, and its dismissal of [plaintiffs'] petition is affirmed." *Id*. at 828, 387 N.W.2d at 692.

Shortly after *Bolan v. Boyle, supra*, this court decided *Coffelt v. City of Omaha*, 223 Neb. 108, 388 N.W.2d 467 (1986), which involved a city employee's original action in the district court, a suit based on the city's breach of contract regarding failure to pay disability benefits accruing as the result of the plaintiff's employment with the city. Coffelt had failed to file his contract claim with the city of Omaha, a city of the metropolitan class. Referring to Neb. Rev. Stat. § 14-804

(Reissue 1983) and *Bolan, supra,* we reasoned:

> Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent. [Citation omitted.]
>
> . . . .
>
> In Coffelt's case the district court never acquired jurisdiction regarding the second cause of action [breach of contract] contained in Coffelt's petition. Consequently, this court, as well, has no jurisdiction to review any issue raised in the second cause of action contained in Coffelt's petition.

223 Neb. at 110-11, 388 N.W.2d at 469-70.

Section 15-840 prescribes a procedural prerequisite concerning contract claims, liquidated or unliquidated, against a city of the primary class: "In order to maintain an action for a claim . . . it shall be necessary, as a condition precedent, that the claimant file such claim . . . in the office of the city clerk . . . ."

Andrews did not file his claim with the city and, therefore, has not complied with § 15-840. Concerning a contract claim against a city of the primary class, § 15-840 requires that such claim be filed with the city clerk and disallowed before a claimant, pursuant to § 15-841, may timely appeal from the city's disallowance and thereby become entitled to invoke a district court's power to adjudicate the merit of the disallowed claim. Without the prerequisite filing of Andrews' contract claim in compliance with § 15-840, and appeal after disallowance, the district court lacked power to decide whether Andrews' contract claim was meritorious. If the district court lacked such power, the Supreme Court also lacks the power to determine the merits of Andrews' claim.

However, because the district court lacked jurisdiction, that is, power to adjudicate the merit of Andrews' claim, the district court improperly entered judgment in favor of Andrews. "Jurisdiction is the inherent power or authority to decide a case . . . ." *State ex rel. Bauersachs v. Williams,* 215 Neb. 757, 759, 340 N.W.2d 431, 433 (1983). Therefore, we reverse the judgment of the district court and remand this matter with the direction to dismiss Andrews' petition.

REVERSED AND REMANDED WITH DIRECTION.