STATE OF NEBRASKA, APPELLEE, V. BOBBI JO MILLER, ALSO KNOWN
AS BARBARA DENISE MILLER, APPELLANT.

481 N.W.2d 580

Filed March 20, 1992.    No. S-90-1201.

James H. Truell, York County Public Defender, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In a jury trial in the county court for York County, Bobbi Jo Miller was convicted of procuring alcoholic liquor for a minor, in violation of Neb. Rev. Stat. § 53-180 (Reissue 1988): "No person shall sell, give away, dispose of, exchange, or deliver, or permit the sale, gift, or procuring of any alcoholic liquors, to or for any minor or to any person who is mentally incompetent."

In the course of her trial, Miller did not move for a directed verdict. Immediately after announcement of the verdict and the court's entry of judgment on the guilty verdict, Miller's lawyer stated: "Your Honor. I would ask the Court to enter a verdict

not — or a judgment not withstanding the verdict of the jury." Miller's lawyer then proceeded to express reasons for the motion, including both factual and legal aspects of the prosecution, and concluded: "We ask the Court to enter a finding of not guilty." The court, after counsels' arguments concerning Miller's motion for judgment n.o.v., and having considered the factual and legal merits of Miller's motion, overruled the motion for judgment n.o.v. In view of the subsequent presentence report, the court sentenced Miller to a 48-hour term in the county jail and ordered her to pay a fine of $1,000. Miller appealed to the district court for York County, which affirmed Miller's conviction and sentence.

### ASSIGNMENTS OF ERROR

In her appeal to this court, Miller asserts: "1. The trial court erred in not directing a verdict of not guilty based upon the evidence in that the conviction was not supported by the evidence and was contrary to law. 2. The sentence imposed by the court was excessive." In the argument contained in her appellate brief, Miller states, "The trial court erred in not granting the directed verdict following the jury's decision." Brief for appellant at 6. Since Miller never moved for a directed verdict, but did request judgment n.o.v., we construe Miller's first assignment of error to be the claim that the county court erred by not entering the requested judgment n.o.v., that is, setting aside Miller's conviction and entering a judgment of acquittal.

### CRIMINAL PROCEDURE AND JUDGMENT N.O.V.

Neb. Rev. Stat. § 29-2201 et seq. (Reissue 1989), a segment of the statutes expressing rules for procedure in the trial of criminal cases, contain some of the postverdict procedure concerning a judgment of conviction. In that regard, *State v. Morley*, 239 Neb. 141, 151, 474 N.W.2d 660, 668 (1991), states,

> [A] motion for judgment notwithstanding the verdict, provided for by Neb. Rev. Stat. § 25-1315.02 (Reissue 1989), is limited to civil proceedings, there being no mention of such a remedy in Neb. Rev. Stat. §§ 29-2101 to 29-2106 (Reissue 1989), which detail remedies dealing with criminal procedure after a guilty verdict is entered in a

criminal action.

See, also, *State v. Torrence*, 192 Neb. 720, 224 N.W.2d 177 (1974) (judgment n.o.v. is limited to civil proceedings). Thus, Nebraska criminal procedure does not include judgment notwithstanding the verdict.

Because a judgment n.o.v. is unauthorized and, therefore, unavailable under Nebraska criminal procedure, the county court's order, as an adjudication of the merits of Miller's motion for judgment n.o.v., was judicial action outside the subject matter jurisdiction of the trial court. For that reason, Miller's motion for judgment n.o.v. may be characterized as a procedural and legal nullity. Since Miller's motion and the county court's action, or decision on the motion, lack legal effect in the determination of any question relative to Miller's trial, nothing is presented for review in this court. "Nothing comes from nothing." In the absence of a legally cognizable final order as a subject for appellate review, see Neb. Rev. Stat. § 25-1902 (Reissue 1989) (final order defined), this court lacks subject matter jurisdiction to evaluate the merits of Miller's assertion concerning her conviction, that is, Miller's contention that a judgment of acquittal should have been entered by the trial court, notwithstanding the verdict by which Miller had been convicted.

> Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. . . . Where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte.

*Glup v. City of Omaha*, 222 Neb. 355, 359, 383 N.W.2d 773, 777 (1986). Accord, *Clark v. Cornwell*, 223 Neb. 282, 388 N.W.2d 848 (1986); *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). "Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent." *Coffelt v. City of Omaha*, 223 Neb. 108, 110, 388 N.W.2d 467, 469 (1986). Accord, *In re Interest of Adams*, 230

Neb. 109, 430 N.W.2d 295 (1988); *In re Interest of L.D. et al., supra.* When a trial court lacks the power, that is, jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the trial court. See, *Andrews v. City of Lincoln*, 224 Neb. 748, 401 N.W.2d 467 (1987); *In re Interest of L.D. et al., supra.*

We point out that Miller's motion at the conclusion of her trial was very definitely expressed in terms of a request for a judgment of acquittal notwithstanding the guilty verdict. Although Miller, in her appeal, refers to her postverdict request as a motion for "directed verdict," that is, a procedural vehicle to test sufficiency of evidence for submission of Miller's case to the jury, we cannot overlook the fact that Miller made no motion for a directed verdict, but did make a motion for judgment notwithstanding the verdict, nonexistent relief in the trial of a criminal case in Nebraska. Our viewing Miller's postverdict request as a motion for a directed verdict would require our considering a motion which was never made before submission of Miller's case to the jury.

Since a judgment n.o.v. is not a part of criminal procedure in Nebraska, we dismiss Miller's appeal on the question concerning her motion for judgment n.o.v.

### EXCESSIVE SENTENCE CLAIM

This brings us to the second part of Miller's appeal, her claim that the sentence imposed was excessive. Violation of § 53-180 is a Class I misdemeanor, which, pursuant to Neb. Rev. Stat. § 28-106(1) (Reissue 1989), is punishable by imprisonment for a term not exceeding 1 year, a $1,000 fine, or both such imprisonment and fine. Miller was sentenced to imprisonment for 48 hours in the county jail and fined $1,000, a penalty statutorily authorized by § 28-106(1) for a Class I misdemeanor. " 'A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed.' " *State v. Johnson*, 238 Neb. 206, 208, 469 N.W.2d 761, 763 (1991) (quoting *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989)). Accord, *State v. Witt*, 239 Neb. 400, 476 N.W.2d 556 (1991);

*State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). This court has also stated:

> [I]n considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant.

*State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981). Accord, *State v. Witt, supra*; *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989).

After a presentence report, which disclosed only two previous traffic violations, the trial court observed that Miller did not accept responsibility for her offense. Miller's sentence is clearly within the range of penalties for a Class I misdemeanor. In view of the nature and seriousness of the offense and relevant information in the presentence report presented at the sentence hearing, we are unable to conclude that the trial court abused its discretion in the sentence imposed on Miller. Hence, the sentence imposed on Miller is affirmed.

## CONCLUSION

Accordingly, we dismiss Miller's appeal on the question concerning her motion for judgment n.o.v. and affirm the sentence imposed on Miller.

AFFIRMED IN PART, AND IN PART
APPEAL DISMISSED.