BRYAN RILEY, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

506 N.W.2d 45

Filed October 1, 1993.    No. S-91-541.

J. Murry Shaeffer for appellant.

Don Stenberg, Attorney General, and Lisa D. Martin-Price for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

SHANAHAN, J.

Bryan Riley brought a declaratory judgment action, see Neb.

Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1989 & Cum. Supp. 1992), concerning administrative termination of his employment as a correctional officer at the Community Corrections Center in Lincoln. The district court for Lancaster County entered judgments that the court lacked subject matter jurisdiction and that the State of Nebraska was entitled to a summary judgment. Riley appeals from those judgments.

## ADMINISTRATIVE BACKGROUND

On January 22, 1990, and while employed by the Department of Correctional Services (Department) as a correctional officer, Bryan Riley was directed by written order from the Department's interim director to take a polygraph examination concerning an allegation that Riley had removed checks from within the correctional facility contrary to the Department's regulations. On January 23, Riley appeared for the polygraph, which was to be administered by a Nebraska State Patrol investigator, but refused to sign a waiver that stated that Riley's participation in the examination was voluntary.

The Department's administrative regulation § 112.32 states that Department employees may be ordered to submit to polygraph examinations "upon penalty of dismissal, if their duties involve public law enforcement." Subsection E of that same regulation further provides that when an employee submits to a polygraph examination ordered by the director of the Department,

> the employee's execution of such a waiver shall only indicate that the employee has complied with the Department's order and shall not be deemed by the Department to waive any rights that the employee may have under the terms of the Director's order. The employee's failure to submit to a polygraph examination due to a refusal to sign such a waiver shall be deemed to be a violation of the Director's order.

On January 24, a "statement of charges" was presented to Riley, charging him with

> (a) violating a written order, specifically not submitting to a polygraph examination on January 23, 1990[;]
> (b) carrying inmate checks and cash out of the

institution contrary to Department regulations[;]

    (c) disrespectful conduct toward . . . a Department security coordinator; and

    (d) committing an act on or off the job which adversely affected the employee's performance and/or the Department's performance and functions.

After an evidentiary hearing before the warden, Riley was found guilty of all charges and was discharged from his employment on February 13.

On February 27, Riley invoked the grievance procedure prescribed by article 27 of the labor contract between the State of Nebraska and the Nebraska Association of Correctional Employees/American Federation of State, County, and Municipal Employees. Riley's grievance was denied, and on March 23, in accordance with the labor contract, he filed an "Appeal to Arbitration" for a hearing by the Nebraska Department of Personnel. See Neb. Rev. Stat. § 81-1301 et seq. (Reissue 1987 & Cum. Supp. 1992). Section 81-1319 of the personnel act allows an employee's appeal from the personnel board's decision so that the employee may obtain a judicial de novo review on the record of the agency pursuant to the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1987 & Cum. Supp. 1992).

## JUDICIAL PROCEEDINGS

While the proceedings before the State Personnel Board were pending, Riley, on May 24, filed his petition for declaratory relief in the district court for Lancaster County. Generally, Riley asked the court to define "law enforcement officer," as used in Neb. Rev. Stat. § 81-1401(3) (Reissue 1987), and declare the rights of the parties under Neb. Rev. Stat. § 81-1901 et seq. (Reissue 1987 & Cum. Supp. 1992), the Licensing of Truth and Deception Examiner's Act. Specifically, Riley requested declarations that, notwithstanding the Department's regulations, (1) the Department's employees are not required to submit to polygraph examinations; (2) Riley is not a law enforcement officer as defined by the statutes of the State of Nebraska; and (3) if Riley is a law enforcement officer, he is not required to sign a waiver of liability for the polygraph examiner

or a statement that he was voluntarily taking the polygraph examination when he was under a departmental order to submit to the examination.

The State demurred to Riley's petition on the ground that the district court lacked subject matter jurisdiction. After the court overruled the demurrer, the State moved for summary judgment. After receipt of evidence for a summary judgment on Riley's claim, the court concluded that it lacked subject matter jurisdiction, granted summary judgment to the State, and dismissed Riley's action with prejudice.

## ASSIGNMENTS OF ERROR

Riley contends that the district court erred in (1) finding that it lacked subject matter jurisdiction and (2) entering a summary judgment for the State when there was a genuine issue of material fact.

## STANDARD OF REVIEW

"When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue." *Williams v. Gould, Inc.*, 232 Neb. 862, 871, 443 N.W.2d 577, 584 (1989). See, also, *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989).

Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Neb. Rev. Stat. § 25-1332 (Reissue 1989). See, also, *Sports Courts of Omaha v. Meginnis*, 242 Neb. 768, 497 N.W.2d 38 (1993); *Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992); *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988).

## SUBJECT MATTER JURISDICTION

Apparently, the district court's conclusion concerning its lack of subject matter jurisdiction is based on the sovereign immunity of the State of Nebraska and the absence of a waiver of sovereign immunity.

"Jurisdiction is the inherent power or authority to decide a case." *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 365, 417 N.W.2d 757, 763 (1988). Accord, *Sports Courts of Omaha v. Meginnis, supra*; *State ex rel. Gaddis v. Gaddis*, 237 Neb. 264, 465 N.W.2d 773 (1991); *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990). "Subject matter jurisdiction is a court's power to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court." *State ex rel. Gaddis v. Gaddis*, 237 Neb. at 266-67, 465 N.W.2d at 775. Accord, *Sports Courts of Omaha v. Meginnis, supra*; *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988).

"Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent." *Coffelt v. City of Omaha*, 223 Neb. 108, 110, 388 N.W.2d 467, 469 (1986). Accord, *Marshall v. Marshall*, 240 Neb. 322, 482 N.W.2d 1 (1992); *Andrews v. City of Lincoln*, 224 Neb. 748, 401 N.W.2d 467 (1987). "When a trial court lacks the power, that is, jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the trial court." *State v. Miller*, 240 Neb. 297, 300, 481 N.W.2d 580, 582 (1992). Accord, *Sports Courts of Omaha v. Meginnis, supra*; *Andrews v. City of Lincoln, supra*.

Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. . . . Where lack of subject matter jurisdiction in the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of the reviewing court to raise and determine the issue of jurisdiction sua sponte.

*Glup v. City of Omaha*, 222 Neb. 355, 359, 383 N.W.2d 773, 777 (1986). Accord, *State v. Miller, supra*; *Coffelt v. City of Omaha, supra*.

ACTION AGAINST THE STATE

Although Neb. Const. art. V, § 22, provides that "[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought," Neb. Const. art. V, § 22, is not self-executing. Rather, Neb. Const. art. V, § 22, requires legislative action for waiver of a state's sovereign immunity. *Gentry v. State*, 174 Neb. 515, 118 N.W.2d 643 (1962). A statute authorizing an action against the state is strictly construed because the statute is in derogation of the state's sovereign immunity. *Wiseman v. Keller*, 218 Neb. 717, 358 N.W.2d 768 (1984); *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979), *overruled on other grounds, Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988); *Gentry v. State, supra*; *Anstine v. State*, 137 Neb. 148, 288 N.W. 525 (1939), *overruled on other grounds, Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985). "Waiver [of sovereign immunity] will only be found 'where stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." ' " *Wiseman v. Keller*, 218 Neb. at 720, 358 N.W.2d at 770 (quoting *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974), *overruled on other grounds, Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)). Accord *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989).

Riley commenced his action under the Uniform Declaratory Judgments Act. However, as the State points out, this court has held that a substantially similar statutory predecessor to Nebraska's current Uniform Declaratory Judgments Act did not operate as a waiver of the state's sovereign immunity. Generally, an action for a declaratory judgment cannot be maintained against the state without its consent because the state's immunity from suit is unaffected by declaratory judgment statutes, although a declaratory judgment action may be maintained under statutes permitting actions against the state. See *Offutt Housing Co. v. County of Sarpy*, 160 Neb. 320, 70 N.W.2d 382 (1955), *aff'd* 351 U.S. 253, 76 S. Ct. 814, 100 L. Ed. 1151 (1956). See, also, 26 C.J.S. *Declaratory*

*Judgments* § 130 a. (1956). Therefore, generally, Nebraska's Uniform Declaratory Judgments Act is inoperative as a waiver of the State of Nebraska's sovereign immunity. Since Riley seeks declaratory relief against the State, he must find authorization for such remedy outside the confines of the Uniform Declaratory Judgments Act.

Neither Riley nor the State has sought an answer to the jurisdictional issue in light of § 84-911 of the Administrative Procedure Act, which states:

(1) The validity of any rule or regulation may be determined upon a petition for a declaratory judgment thereon addressed to the district court of Lancaster County if it appears that the rule or regulation or its threatened application interferes with or impairs or threatens to interfere with or impair the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule or regulation in question.

(2) The court shall declare the rule or regulation invalid if it finds that it violates constitutional provisions, exceeds the statutory authority of the agency, or was adopted without compliance with the statutory rule-making or regulation-making procedures.

The express language of § 84-911 demonstrates the Legislature's intent to waive the state's sovereign immunity regarding questions construing the validity of administrative rules and regulations.

As defined in § 84-901(2) of the Administrative Procedure Act,

[r]ule or regulation shall mean any rule, regulation, or standard issued by an agency, including the amendment or repeal thereof whether with or without prior hearing and designed to implement, interpret, or make specific the law enforced or administered by it or governing its organization or procedure, but not including rules and regulations concerning the internal management of the agency not affecting private rights, private interests . . . .

Consequently, § 84-911 of the Administrative Procedure Act provides a limited statutory waiver of sovereign immunity and confers subject matter jurisdiction for a declaratory judgment concerning the validity of a state agency's rule or regulation. Thus, the relief authorized by § 84-911 is far more restrictive than relief otherwise available under the Uniform Declaratory Judgments Act. For instance, the Uniform Declaratory Judgments Act explicitly provides that "[f]urther relief based on a declaratory judgment may be granted whenever necessary or proper," see § 25-21,156, and that a factual issue may be tried and determined as in any other civil action, see § 25-21,157. See, also, *OB-GYN v. Blue Cross,* 219 Neb. 199, 361 N.W.2d 550 (1985) (fact questions in a declaratory judgment action may be tried and determined as other civil actions); *Noble v. City of Lincoln,* 158 Neb. 457, 63 N.W.2d 475 (1954) (further relief may be granted to carry into effect a declaratory judgment). In contrast, § 84-911 grants no jurisdiction regarding factual issues, but, rather, authorizes only a declaration regarding "[t]he validity of any rule or regulation." Viewing the statute with the eye of strict construction, we conclude that § 84-911 of the Administrative Procedure Act is limited to judicial determination of the validity of any rule or regulation of a state agency and does not confer jurisdiction for judicial resolution of a factual question pertaining to the merits of a controversy.

Under our interpretation of § 84-911, resolution of a factual issue is initially within the jurisdiction of the state agency involved in a given contested case governed by the Nebraska Administrative Procedure Act, §§ 84-901 to 84-920, or State Personnel Board, § 81-1301 et seq. As previously noted, however, pursuant to § 81-1319, an aggrieved party may appeal from a decision by the State Personnel Board and obtain a judicial de novo review on the agency's record as provided by the Administrative Procedure Act. See § 84-917 (Cum. Supp. 1992).

Therefore, the district court had subject matter jurisdiction to determine the validity of the Department's rules or regulations involved in Riley's declaratory judgment action. However, in addition to determinations regarding validity of the Department's regulations, Riley also sought declaratory

relief concerning a judicial interpretation of certain statutes. The limited waiver of sovereign immunity granted by § 84-911 does not confer jurisdiction for declaratory relief concerning a statute. Consequently, we affirm the district court's judgment that it lacked subject matter jurisdiction for declaratory relief concerning Nebraska statutes. Inasmuch as a district court has jurisdiction for declaratory relief concerning a state agency's rules or regulations, we reverse the district court's judgment that it lacked subject matter jurisdiction for declaratory relief concerning the Department's rules or regulations.

## STATE'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." § 25-1332. "Upon a motion for summary judgment the court examines the evidence to discover if any real issue of fact exists." *Yankton Prod. Credit Assn. v. Larsen*, 219 Neb. 610, 614, 365 N.W.2d 430, 433 (1985). "In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence." *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 163, 425 N.W.2d 872, 875 (1988). Accord, *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990); *DeCamp v. Lewis*, 231 Neb. 191, 435 N.W.2d 883 (1989); *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988).

" ' "A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered." ' " *Yankton Prod. Credit Assn. v. Larsen*, 219 Neb. at 617, 365 N.W.2d at 434 (quoting *Wolf v. Tastee Freez Corp.*, 172 Neb. 430, 109 N.W.2d 733 (1961)).

Summary judgment may be obtained in a declaratory judgment proceeding. See *Anderson v. Carlson*, 171 Neb. 741, 107 N.W.2d 535 (1961). See, also, Neb. Rev. Stat. § 25-1330 (Reissue 1989) (summary judgment proceedings).

However, a fundamental problem exists concerning the

summary judgment in Riley's case and the dismissal of Riley's action with prejudice. In this appeal, the summary judgment, as a factual determination regarding the merits of the action, is a perplexing conclusion in view of the absent subject matter jurisdiction. As we have construed § 84-911, the district court's subject matter jurisdiction extends only to a determination regarding the validity of a questioned administrative rule or regulation, and does not extend to a determination of underlying factual issues surrounding Riley's termination of employment. The limited jurisdiction conferred by § 84-911 does not authorize a district court's adjudication on the merits of a controversy. A summary judgment involves a judicial evaluation of evidence to determine whether an issue of material fact exists and, therefore, is a factual determination resulting in a disposition of the factual merits of a controversy. See, *Ogden Equipment Company v. Talmadge Farms, Inc. et al.*, 232 Ga. 614, 208 S.E.2d 459 (1974); *Williams v. Heykow, Inc. et al.*, 171 Ga. App. 936, 321 S.E.2d 431 (1984); *Hoke v. Retail Credit Corporation,* 521 F.2d 1079 (4th Cir. 1975), *cert. denied* 423 U.S. 1087, 96 S. Ct. 878, 47 L. Ed. 2d 98 (1976) (summary judgment on ground that report involved was not a "consumer report" constituted an adjudication on the merits); *Tuley v. Heyd,* 482 F.2d 590 (5th Cir. 1973) (summary judgment is on the merits); *Heyward v. Public Housing Administration,* 238 F.2d 689 (5th Cir. 1956) (summary judgment is an adjudication on the merits); *Keys v. Sawyer,* 353 F. Supp. 936 (S.D. Tex. 1973), *aff'd* 496 F.2d 876 (5th Cir. 1974) (summary judgment constitutes a final judgment on the merits). See, also, 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2713 (1983) (generally, a summary judgment is an inappropriate procedure to raise a question concerning subject matter jurisdiction). For validity of a judgment, a court must have jurisdiction to decide a question or issue in the subject matter presented to the court and to render a particular remedy or relief appropriate to the subject matter and controversy adjudicated. See, *Hanson v. Commissioner of Transportation,* 176 Conn. 391, 408 A.2d 8 (1979); *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967); *State ex rel. Pub. Serv. Comm. v. Johnson Cir. Ct.,* 232 Ind. 501, 112

N.E.2d 429 (1953); *McCoy v. Briegel*, 305 S.W.2d 29 (Mo. App. 1957). Consequently, the district court lacked subject matter jurisdiction for summary judgment as a remedy based on the factual merits of Riley's claim. Because the district court lacked jurisdiction under § 84-911 to grant a summary judgment in Riley's case, we set aside the summary judgment and consequent dismissal of Riley's action.

We call attention to *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985), where this court recognized the discretionary availability of declaratory judgment actions and stated that "[a] court may refuse to enter a declaratory judgment where it would not terminate or resolve the controversy." *Id.* at 146, 362 N.W.2d at 50. See § 25-21,154 (refusal to render declaratory judgment). See, also, *Millard School Dist. v. State Department of Education*, 202 Neb. 707, 277 N.W.2d 71 (1979). In the present case, a declaratory judgment concerning the validity of the Department's regulations regarding a polygraph examination would not resolve the controversy between Riley and the Department. Notwithstanding a declaratory judgment concerning the validity of the Department's regulations, factual issues apparently remain, e.g., Riley's carrying inmate checks out of the Community Corrections Center, disrespect for a departmental coordinator, and impairment of departmental functions. Under the circumstances, a district court need not become involved in a piecemeal process for disposition of the controversy between Riley and the Department. Whether the district court, in exercise of its discretion, elects to become a part of the process is a matter we leave to the district court.

Although the crisscross process for a declaratory judgment authorized by § 84-911 may produce a plethora of procedural problems and pitfalls and eventually result in a substantive snakepit, the legislation permitting the process exists and applies in Riley's case.

## CONCLUSION

The district court had subject matter jurisdiction to determine the validity of the Department's rules or regulations pertinent to Riley's claim. However, the waiver of sovereign

immunity for a limited declaratory judgment in accordance with § 84-911 does not confer subject matter jurisdiction for declaratory relief concerning a statute or for a summary judgment on the merits. Therefore, we affirm the district court's judgment concerning declaratory relief regarding Nebraska statutes, but we reverse the district court's judgment that it lacked subject matter jurisdiction for declaratory relief concerning the validity of the Department's rules and regulations. Also, we set aside the summary judgment granted to the State and the dismissal of Riley's action. For the foregoing reasons, this cause is remanded to the district court for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.