REQUESTED BY: Roberta S. Stick, Executive Director, Nebraska Equal Opportunity Commission
You asked whether the NEOC has the authority to screen complaints based on an initial determination that the NEOC lacks jurisdiction to investigate the case. We conclude that the NEOC has such authority.
When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law. Williams v. Gould, Inc., 232 Neb. 862, 871,443 N.W.2d 577 (1989). "Jurisdiction is the inherent power or authority to decide a case." Chicago Lumber Co. v. SchoolDist. No. 71, 227 Neb. 355, 365, 417 N.W.2d 757, 763 (1988). "Subject matter jurisdiction is a court's power to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court." Stateex rel. Gaddis v. Gaddis, 237 Neb. 264, 266-67,465 N.W.2d 773, 775 (1991). "Litigants cannot confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent." Coffelt v. City of Omaha, 223 Neb. 108, 110,388 N.W.2d 467, 469 (1986).
It is not only within the power but it is the duty of the NEOC to determine whether the agency has jurisdiction over a complaint. Where lack of subject matter jurisdiction is apparent on the face of the record or complaint, it is the duty of the NEOC to find that the agency lacks subject matter jurisdiction. Neb. Rev. Stat. § 48-1118(1) (1993) provides:
 Prior to initiating any investigation, the commission staff shall screen a charge pursuant to an established, clearly defined prescreening procedure to determine subject matter jurisdiction to handle such charge. Any charge without sufficient subject matter jurisdiction shall not be investigated. . . .
The legislative history of LB 124, which amended § 48-1118, indicates that the legislature intended to eliminate the waste of NEOC hours caused by the investigation of cases in which the NEOC lacked jurisdiction. Senator Hohenstein, a proponent of LB 124, explained that without prescreening, investigations proceeded "and then they later determined that, in fact, we [NEOC] had no jurisdiction after spending the inordinate amount of man-hours on those cases." Floor Debate LB 124, April 21, 1993. An example Senator Hohenstein gave of cases over which the NEOC had no jurisdiction included those where there were too few employees and the law did not apply. When the requirements of § 48-1102 which defines "employer" are not met, the commission also lacks jurisdiction to investigate the discrimination charge. Similarly, a complaint must set forth facts stating a cause of action under the statute. For example, sexual orientation is not protected by the Fair Employment Practice Act (the Act), and the commission would not have jurisdiction to investigate a claim of discrimination based on sexual orientation.
You asked whether the NEOC must accept for filing a complaint on behalf of any person claiming to be aggrieved, even where jurisdiction does not exist. We conclude that the NEOC must accept the complaint.
Neb. Rev. Stat. § 48-1118(1) provides in pertinent part:
 . . . (1) Whenever it is charged in writing under oath or affirmation by or on behalf of a person or persons claiming to be aggrieved and such charge sets forth the facts upon which it is based that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the commission staff shall furnish such employer, employment agency, or labor organization with a copy of such charge within ten days, including a statement of the date, place, and circumstances of the alleged unlawful employment practice. Prior to initiating any investigation, the commission staff shall screen a charge pursuant to an established, clearly defined prescreening procedure to determine subject matter jurisdiction to handle such charge. Any charge without sufficient subject matter jurisdiction shall not be investigated and notice of such prescreening determination shall be promptly conveyed by the executive director to the person claiming to be aggrieved. . . .
Subject matter jurisdiction should be determined by the prescreening procedure after the charge has been filed and served upon the employer. The NEOC should not refuse to accept for filing complaints that set forth facts upon which a determination may be made that an employer has engaged in an unlawful employment practice. The NEOC must have a prescreening procedure to determine subject matter jurisdiction prior to investigating the charge. While the prescreening procedure may be defined by the commission under its authority to adopt and promulgate rules and regulations necessary to carry out its duties prescribed in the Act, it is clear that the legislature intended the NEOC to proceed with investigations only where proper jurisdiction exists.
If the charge sets forth facts upon which it is alleged or determined that an employer has engaged in unlawful employment practices, the commission staff shall furnish such employer with a copy of such charge. The statute grants the commission authority to prescreen a complaint before an investigation, it does not give the commission authority to refuse to accept a charge.
You asked whether an employer may discriminate on the basis of marital status. We conclude that the employer may not.
Neb. Rev. Stat. § 48-1101 (1993), which outlines the general purpose of the Act, has never been amended to add or exclude "marital status" as a protected class. Despite the absence of "marital status" in § 48-1101, a person's status of being married or single is a protected classification. "Marital status" was added in 1977 as a protected class under § 48-1104. Legislative Session 1977, LB 161.
By the same amendment, "marital status" was defined as "the status of a person whether married or single." Neb. Rev. Stat. § 48-1102(12) (1993). You asked whether a person states a claim under the Act if he or she was terminated due to marriage to a particular person. The definition of "marital status" does not include such a situation. A person may only make a claim under the Act if discrimination occurs on the basis of the complainant's status of being married or single, not based on the fact that the complainant is married to a particular person. This is different from the situation of filing a race by association claim "because my spouse is a minority."
Sincerely yours,
 DON STENBERG Attorney General
 Alfonza Whitaker Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General